UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:20-cv-0033-MOC

| | |
|---|---|
| SHAILESH JAHAGIRDAR on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>THE COMPUTER HAUS NC, INC. d/b/a CITYMAC, a North Carolina Corporation, and TROY CURRAN, an individual,<br><br>        Defendants. | ORDER |

**THIS MATTER** is before the Court on a Motion to Conditionally Certify a Collective Action and Facilitate Notice filed by Plaintiff, Shailesh Jahagirdar, individually and on behalf of all others similarly situated, under 29 U.S.C. § 216(b). (Doc. No. 9). Plaintiff seeks conditional certification of his Fair Labor Standard Act ("FLSA") claims and authorization to send Court-supervised notice of this action pursuant to Section 216(b). Defendants oppose the motion. For the following reasons, the Court grants Plaintiff's motion.

I. INTRODUCTION

Defendants, The Computer Haus NC, Inc. d/b/a CityMac and Troy Curran (collectively "CityMac") own and operate retail stores across the United States including in North Carolina - Wilmington, Asheville, Biltmore Park, South Carolina - Myrtle Beach, Washington - Bellingham and Burlington, and Portland, Oregon. (Doc. No. 7 at ¶¶ 4-5).

1

Plaintiff Shailesh Jahagirdar worked as an hourly non-exempt employee at one of Defendants' stores located in Wilmington, North Carolina at two different time periods in 2019. (Doc. No. 7 at ¶ 3 and Doc No. 10-1 at ¶ 2). Plaintiff seeks to recover unpaid minimum wages and/or overtime wages, including overtime premiums, for himself and all other current and former non-exempt hourly employees who were employed by Defendants at any of its United States locations beginning February 5, 2017 to the present ("Opt-In Plaintiffs"). (Doc. No. 7 at ¶¶ 55-57).

Plaintiff alleges that CityMac has a policy and/or practice of not paying non-exempt hourly workers minimum wages and/or overtime wages earned for all hours worked. Plaintiff proposes to define the class as: All current and former employees of Defendants, nationwide, who work or have worked for Defendants as a non-exempt hourly employee, who were not paid minimum wage and/or overtime premium for all hours worked exceeding 40 per week during the period of February 5, 2017, to the filing of this Complaint in this action. (Doc. No. 7 at ¶¶ 56). Plaintiff alleges that the proposed class members share the following similarities: (1) they all worked for CityMac as non-exempt hourly employees; (2) they are subject to the same unlawful wage deductions; (3) they were not paid overtime wages; and (4) they are otherwise subject to the same unlawful wage and hour policies and practices, specifically, CityMac's failure to pay all hours worked and/or failure to pay overtime as required by the FLSA.

Defendants oppose the motion, arguing that conditional certification is improper for two reasons: (1) Plaintiff has produced scant evidence of any common policy or plan applicable to all former and current employees of CityMac and (2) Plaintiff fails to meet his

burden that he is "similarly situated" to every single one of CityMac's non-exempt hourly employees, regardless of position, duties, or location. (Doc. No. 16).

## II. LEGAL STANDARD

The FLSA provides that a plaintiff "may maintain a collective action against [her] employer for violations under the act pursuant to 29 U.S.C. § 216(b)." Quinteros v. Sparkle Cleaning, Inc., 532 F. Supp. 2d 762, 771 (D. Md. 2008). In particular, Section 216 provides:

> [a]n action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). To serve the "broad remedial purpose" of the FLSA, courts are afforded the power to authorize notice to other potential class members of their rights to "opt-in" to a plaintiff's case and form a collective action. Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). These early notices, authorized by the court, are helpful to protect against misleading communications by the parties, resolve disputes regarding the content of any notice, prevent the proliferation of multiple individual lawsuits, assure that the joinder of additional parties is accomplished properly and efficiently, and expedite resolution of the dispute. Id. at 170-72.

In deciding whether an FLSA action may proceed as a collective action, courts in the Fourth Circuit have adopted a two-step inquiry. Adams v. Citicorp Credit Servs., 93 F. Supp. 3d 441, 452-53 (M.D.N.C. 2015). At the initial "notice stage," the Court determines whether Plaintiff and potential opt-in plaintiffs are "similarly situated" to merit sending notice of the action to possible members of the class. If they are, additional plaintiffs are permitted to "opt-in" to the lawsuit. Id. (quoting Acevedo v. Allsup's Convenience Stores,

3

Inc., 600 F.3d 516, 519 (5th Cir. 2010)). At the notice stage,

> [p]laintiffs generally need only make a relatively modest factual showing that a common policy, scheme, or plan [that violated the law] exists. To meet this burden and to demonstrate that potential class members are similarly situated, [p]laintiffs must set forth more than vague allegations with meager factual support regarding a common policy to violate the FLSA. Their evidence need not, however, enable the court to determine conclusively whether a class of similarly situated plaintiffs exists, and it need not include evidence that the company has a formal policy of refusing to pay overtime.

Adams, 93 F. Supp. 3d at 453 (quoting Mitchel v. Crosby Corp., 2012 WL 4005535, at **2-3 (D. Md. Sept. 10, 2012)). At this stage of the proceedings, the Court does not resolve factual disputes, make credibility determinations, or decide substantive issues on the merits. Id. at 454. In other words, the standard for conditional certification at the notice stage is a lenient one. Id. at 452-53. The second step of the two-step process usually occurs after discovery has largely been completed and allows a court the opportunity to make a final determination "of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." Id. (quoting Acevedo, 600 F.3d at 519).

### III. DISCUSSION

Here, the Court finds that Plaintiff has met the lenient standard of demonstrating that Plaintiff and opt-in plaintiffs are similarly situated. Therefore, the Court will grant Plaintiff's motion at this early stage in the proceedings and order that notice be sent to the class.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice, (Doc. No. 9), is **GRANTED**;

(2) The Notice and Consent Form submitted by Plaintiff is **APPROVED**;

(3)  Within 21 days of entry of this Order, Defendants shall provide Plaintiff's counsel (in computer-readable electronic format) the names, addresses, e-mail addresses, telephone numbers and dates of employment, of all persons who are, have been, or will be employed by Defendants as non-exempt hourly employees at any of Defendants' United States locations from February 5, 2017 to the present;

(4)  Plaintiff may send the Notice by first class mail and e-mail to all potential members of the collective action informing them of their right to opt-in;

(5)  The opt-in period shall commence seven (7) days after Defendants produce the requested information pertaining to potential Plaintiffs.

Signed: April 15, 2020

Max O. Cogburn Jr
United States District Judge