UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00033-MOC

| | |
|---|---|
| SHAILESH JAHAGIRDAR, ALLEN ALLEN, KAMRI NORRIS, JORDAN BLAIS, CONNOR JOHNSON, ERIC WHEAT, GEORGE McKENNA, RAKIA GREEN, and ANDREW FREE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE COMPUTER HAUS NC, INC. d/b/a CITYMAC, a North Carolina Corporation, and TROY CURRAN, an individual, OCEAN TECH, INC. d/b/a CITYMAC, a corporation, <br><br> Defendants. | ORDER |

This matter comes before the court on a Motion to Vacate, Set Aside, or Reconsider the Magistrate Judge's Order of December 14, 2020 (the "Order"). (Doc. No. 95).

## I. BACKGROUND

The Order denied in part Plaintiffs' motion for leave to file a Second Amended Complaint ("SAC") adding several entities owned and controlled by Defendant Troy Curran ("Curran") under a reverse alter ego theory on the grounds that the amendment would be futile because the allegations against the proposed Defendants would not survive a motion to dismiss. (See Doc. No. 91).

1

Plaintiffs challenge this ruling by arguing that the Magistrate Judge exceeded his authority because he issued a final ruling on a motion that was the functional equivalent of a dispositive motion, involuntarily dismissing this action as to the proposed Defendants. (Doc. No. 96 at 1).

In the alternative, Plaintiffs contend that even if the Magistrate Judge's ruling is deemed non-dispositive, it should nonetheless be vacated because it is clearly erroneous and contrary to the applicable law. (Id. at 2). Plaintiffs also assert that the Magistrate Judge analyzed the allegations under a traditional piercing theory and did not consider that Plaintiffs' proposed SAC sought to assert liability against the entities Defendant Troy Curran ("Curran") fraudulently used to shield himself from personal liability. (Id.).

Lastly, Plaintiffs note that since they have filed the motion to amend, Curran has provided deposition testimony and discovery responses that supply the facts and information the Magistrate Judge concluded was missing from the proposed SAC. (Id.). Plaintiffs allege that Curran has now admitted he maintains no assets in his name and that he does so to shield himself from personal liability. (Id.). According to Plaintiffs, these admissions demonstrate precisely why they need to be able to reach the sham corporations that hold these assets, lest Curran be allowed to defraud his creditors in exactly the same manner the reverse alter ego doctrine is intended to preclude. (Id.).

## II.     APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R.

CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

Here, the Court reviews a decision regarding a Motion to Amend a Pleading. When reviewing requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), cert. denied, 448 U.S. 911 (1980). "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371, U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("Under Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.'").

Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Southern Power Co. v. Cleveland Cty., 2020 U.S. Dist. LEXIS 130494, at *6 (W.D.N.C. July 23, 2020) (citations omitted). "Futility" under Federal Rule of Civil Procedure 15(a) does not completely overlap with the standard for a motion to

dismiss under Rule 12(b)(6). Campbell Sales Group, Inc. v. Marx, 2011 WL 13134312, at *3 (M.D.N.C. Aug. 30, 2011). Indeed, "[l]eave to amend … should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

### III.   DISCUSSION

The Magistrate Judge did not apply this high standard. Although he concluded the piercing allegations were "too conclusory" and "too generalized," he did not specifically find the proposed amendment was "clearly insufficient or frivolous on its face." (See Doc. No. 91 at 13).

Furthermore, in light of the quitclaim deeds presented by Plaintiffs, (Doc. Nos. 81-1 and 81-2), Curran's deposition testimony and discovery responses, (Docs No. 105-1 and 105-2), and information that Plaintiffs have continued to uncover ever since filing the motion presently before the court, (See Doc. No. 105 at 10-13), the most efficient course in resolving this matter is to allow the Plaintiffs to file a Third Amended Complaint, and Defendants can file the appropriate motion to dismiss if they still believe the factual allegations are insufficient.

If Plaintiffs' request to amend their complaint is denied, Plaintiffs would simply have to file another motion for leave to file another amended complaint. This would be a waste of judicial and party resources because under the lenient standard for amending pleadings Plaintiffs would succeed on the evidence they have presented.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Vacate and/or Reconsider is **GRANTED**, and Plaintiffs are **PERMITTED** to file a Third Amended Complaint that includes as Defendants all entities named in the Second Amended Complaint, as well as, the newly discovered Defendants Northern Passage, Inc., Salish Sea, LLC, and Curran Holdings, LLC.

4

Signed: February 2, 2021

Max O. Cogburn Jr.
United States District Judge