UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:20-cv-33-MOC-WCM

| | |
|---|---|
| **SHAILESH JAHAGIRDAR, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| **THE COMPUTER HAUS NC, INC.,** | ) |
| d/b/a **CITYMAC, et al.,** | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Equitable Tolling of the Statute of Limitations. (Doc. No. 186). Upon careful consideration of the arguments submitted by the parties, Plaintiffs' Motion is **GRANTED**.

**I.  Background**

This case is a class action concerning wage and hour claims raised by employees of CityMac alleging violations of the Fair Labor Standards Act and related state laws. Plaintiffs assert numerous violations, including failure to pay overtime and earned commissions, off-the-clock work, pay deductions for meal breaks not actually taken, and failure to timely pay final paychecks. Defendants broadly deny Plaintiffs' allegations.

Plaintiff Shailesh Jahagirdar began this action by filing a Complaint on February 5, 2020, seeking unpaid wages and statutory penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Doc. No. 1). Defendants broadly denied Mr. Jahagirdar's allegations, with the exception of a small amount of unpaid wages for 5.5 hours of work, in their Answer filed on March 6, 2020. (Doc. No. 5). Plaintiff Jahagirdar later filed an amended complaint to initiate a

-1-

putative class action, alleging FLSA violations on behalf of himself and other similarly situated employees across five states, and moved to conditionally certify and collective action, both filed on March 14, 2020. (Doc. Nos. 7, 9). Plaintiffs moved to amend the Complaint on August 5, 2020. (Doc. No. 69). The Court granted leave to amend the Complaint on December 14, 2020. (Doc. No. 91).

Plaintiffs now move to equitably toll the statute of limitations back to the date they filed their Motion to Amend Complaint on August 5, 2020 for their claims arising in South Carolina, Colorado, Washington, and Oregon. (Doc. No. 186). For their North Carolina claims, Plaintiffs seek to toll the statute of limitations back to the date of filing their amended complaint: March 14, 2020. (Id.).

On November 5, 2021, the Court certified Plaintiff's class and appointed class counsel. (Doc. No. 210). In so ruling, the Court expressly withheld judgment on the question of whether the statutes of limitations in this case should be equitably tolled so the parties could fully brief this issue. (Id. at 4–5). The parties have done so and the matter is now ripe for disposition.

## II. Standard of Review

To qualify for equitable tolling, Plaintiffs must show that (1) they diligently pursued their rights, but (2) an extraordinary circumstance prevented them from timely filing their claim. CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). Equitable tolling is an extraordinary remedy "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period ... and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Under the Fourth Circuit's "extraordinary

-2-

Case 1:20-cv-00033-MOC-WCM   Document 226   Filed 02/15/22   Page 2 of 8

circumstance" test, in order to qualify for equitable tolling a plaintiff must demonstrate (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

**III. Discussion**

In this case, the Court finds that Plaintiffs diligently pursued their rights. Plaintiffs filed their initial complaint in February 2020 and reasonably promptly filed an amended complaint in May 2020. Defendants argue that Plaintiffs do share in responsibility for the delay because they voluntarily withdrew their complaint. (Doc. No. 188 at 7). However, as discussed at oral argument, this withdrawal was with the Court's permission for the purpose of adding alter ego Defendants and did not amount to delay by Plaintiffs.

The Court also finds that Plaintiffs were prevented from timely moving to amend their complaint by two distinct "extraordinary circumstances" that were both beyond their control.

First, the COVID-19 pandemic amounted to an "extraordinary circumstance." The Court takes judicial notice that the pandemic entailed substantial disruption to everyday life, to the operation of law firms and the court system, and to the judicial process as a whole—probably a greater disruption than any other the legal system has experienced in recent memory. The Court takes further judicial notice that the onset of the pandemic's disruption in the United States was in February and March 2020 and continued for much of that year. In other words, severe disruptions induced by the pandemic began almost immediately after Plaintiff Jahagirdar initiated this action and persisted for months thereafter. The Court finds that it would be unconscionable and grossly injustice for Plaintiffs to be unduly prejudiced by their unfortunate timing. As Plaintiffs correctly note, this Court joins many others in recognizing the applicability

-3-

Case 1:20-cv-00033-MOC-WCM   Document 226   Filed 02/15/22   Page 3 of 8

of equitable tolling to remedy exigencies created by COVID-19. See e.g., Zuniga v. Bean, 2021 WL 1565783, at *4 (D. Nev. Apr. 21, 2021) (granting equitable tolling due to COVID-19 in habeas corpus case); Cf. United States v. Henry, 2020 WL 7332657, at *7 (W.D. Pa. Dec. 14, 2020) ("Courts have concluded that the COVID-19 pandemic could—in certain circumstances—conceivably warrant equitable tolling") (internal refs omitted); United States v. Barnes, 2020 WL 763436, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

Second, and more importantly, the Court delayed in granting permission for Plaintiffs to amend their complaint. The Court typically will liberally grant motions to amend complaints "when justices so requires," pursuant to the requirements of Rule 15(a)(2) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 15(a)(2). As the Court ultimately decided in granting leave to amend, justice required granting leave to amend the complaint in this case. The Court typically grants such motions promptly. In this case, however, a variety of factors including exigencies related to the pandemic and the need for supplemental briefing appear to have caused delays in this process. The Court will not penalize Plaintiffs for its own delay. The Court finds that doing so would be unconscionable and grossly unjust.

Plaintiffs have shown that they diligently pursued their rights but were prevented from timely obtaining leave to amend their complaint by extraordinary circumstances beyond their control. Therefore, they have made the necessary showing to qualify for equitable tolling under Wynne and Holland.

-4-

Defendants argue that Plaintiffs are disingenuously blaming their delays on the Court. (Doc. No. 188 at 6–7). The Court disagrees with this interpretation of Plaintiffs' argument. In the Court's view, Plaintiffs are simply arguing that the delay in granting leave to amend the Complaint was caused, in part, by the Court and they should not be prejudiced accordingly. This appears to be correct. Plaintiffs are not accusing the Court of wrongdoing. The Court was busy, as Defendants note, with numerous discovery disputes in this case as well as the many other matters before the Court, many of which were complicated by COVID-19. But this does not mean that the Court's delay did not prejudice Plaintiffs' interests, nor does it mean that Plaintiffs are not entitled to a reasonable equitable remedy to cure the prejudice.

The Court agrees with Plaintiffs that equitable tolling is particularly appropriate in cases involving FLSA and state wage and hour laws due to their remedial nature. Plaintiffs cite numerous cases establishing this principle. See McFeeley v. Jackson St. Entm't, LLC, 825 F.3d 235, 240 (4th Cir. 2016) (FLSA has "remedial and humanitarian" goals); Turner v. BFI Waste Servs., LLC, 292 F. Supp. 3d 650, 654 (D.S.C. 2017) (FLSA is a remedial statute that must be liberally construed to effectuate its purpose) (quoting Prickett v. DeKalb Cnty., 349 F.3d 1294, 1296 (11th Cir. 2003)); Cooper v. Smithfield Packing Inc., 2011 WL 3207912, at *9 (E.D.N.C. July 27, 2011) (discussion FLSA remedial nature in tandem with North Carolina Wage and Hour Act); Dumas v. Info Safe Corp., 463 S.E.2d 641, 645 (S.C. 1995) (South Carolina Payment of Wages Act is a remedial statute that is designed to protect employees and assist them in collecting compensation wrongfully withheld); Nieto v. Clark's Mkt., Inc., 488 P.3d 1140 (Colo. 2021) (Colorado Wage Claim Act is remedial); Anfinson v. FedEx Ground Package Sys., Inc., 281 P.3d 289, 299 (Wash. 2012) (as remedial legislation, Washington's minimum wage act

-5-

should be given a liberal construction); Hekker v. Sabre Constr. Co., 265 Or. 552, 560 (Or. 1973) ("[c]ourts have frequently construed "wages" in remedial or protective legislation"). The Court finds that the remedial nature of FLSA and the state wage and hour laws weighs in favor of construing these statutes more liberally and, in this case, in favor of granting Plaintiffs' motion for equitable tolling.

Turning to the balance of the equities, the Court finds that Plaintiffs will be significantly prejudiced and Defendants will not be prejudiced by equitable tolling. Defendants had ample and adequate notice of Mr. Jahagirdar's lawsuit and of his desire to certify a class action, and do not appear to argue that they would be prejudiced by equitable tolling. Plaintiffs argue that equitable tolling may only involve the inclusion of eight additional Plaintiffs but "for those eight Plaintiffs, tolling is significant and will determine if they are permitted to assert their legal claims." (Doc. No. 189 at 5).

Defendants also raise for a second time their argument that the classes are not large enough to fulfill Rule 23's "numerosity" requirement and proceed as a class action, which they previously developed in opposing Plaintiffs' motion to certify. (Doc. No. 188 at 8–9). The Court again rejects this argument for the reasons stated in its order certifying Plaintiffs' class action. (Doc. No. 210 at 6–7).

Defendants argue that Plaintiffs have failed to carry their burden under the relevant state laws. (Doc. No. 188 at 4–5). Defendants do not undertake a state-by-state analysis of state law but instead argue that Plaintiffs must meet this burden and have "entirely ignored the underlying state laws." (Id. at 5). Defendants provide the example of Washington, asserting that "Washington courts only recognize equitable tolling where the delay was caused by deception on

-6-

Case 1:20-cv-00033-MOC-WCM   Document 226   Filed 02/15/22   Page 6 of 8

the part of the opposing party." (Id. at 5, n.3) (citing In re Fowler, 442 P.3d 647, 650 (Wash. Ct. App. 2019)). In reply, Plaintiffs cite the American Pipe doctrine that "filing a complaint alone tolls the statutes of limitations of the state law claims of putative Rule 23 class members" and argue that it is applicable in this case. (Doc. No. 189 at 2) (citing Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 551–52 (1974)). Plaintiffs cite a Washington case applying the American Pipe doctrine. (Doc. No. 189 at 2) (citing Columbia Gorge v. Klickitat Cnty., 98 Wash. App. 618, 625 (1999)). Defendants also cite cases from Oregon, South Carolina, Colorado, and Washington suggesting that the standard for equitable tolling in those states is similar to the federal law standard. (Id. at 2–3) (citing Hooper v. Ebenezer Senior Servs. & Rehab., 386 S.C. 108, 115 (2009); Morrison v. Goff, 74 P.3d 409, 412 (Colo. App. 2003); Millay v. Cam, 135 Wash. 2d 193, 206 (1998); Columbia Gorge v. Klickitat Cnty., 98 Wash. App. 618, 625 (1999); Bergquist v. Int'l Realty, Ltd., 272 Or. 416, 431 (1975)).

The Court agrees with Plaintiffs. American Pipe appears to control the outcome of this case. As the Supreme Court observed in American Pipe:

> the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs. To hold to the contrary would frustrate the principal function of a class suit, because then the sole means by which members of the class could assure their participation in the judgment if notice of the class suit did not reach them until after the running of the limitation period would be to file earlier individual motions to join or intervene as parties—precisely the multiplicity of activity which Rule 23 was designed to avoid in those cases where a class action is found "superior to other available methods for the fair and efficient adjudication of the controversy." Am. Pipe., 414 U.S. at 551 (1974).

This case appears to fall squarely within the Supreme Court's reasoning in American Pipe.

Moreover, the rationale of American Pipe applies with even more force in cases where the Court is granting equitable tolling in part to cure prejudice caused by its own delay. It would

hardly be fair to bar class members from proceeding on state law claims—claims that they could conceivably have pursued expeditiously in state court—merely because the class proceeded in federal court and this Court delayed in granting leave to amend. Finally, Defendants have not shown that state law bars equitable tolling in this case and Plaintiffs have provided ample authority suggesting that it does not. Therefore, the Court finds that the statute of limitations in this case should be equitably tolled.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Equitable Tolling of the Statutes of Limitations (Doc. No. 186) is **GRANTED**.

Signed: February 15, 2022

Max O. Cogburn Jr
United States District Judge