UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-33-MOC-WCM

| | |
|---|---|
| SHAILESH JAHAGIRDAR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| THE COMPUTER HAUS NC, INC., | ) |
| d/b/a/ CITYMAC, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants Troy Curran and The Computer Haus NC, Inc.'s Motion for Summary Judgment. (Doc. No. 204). For the following reasons, the Motion **DENIED**. However, the Court will allow the parties to be heard on Plaintiffs' state law claims at trial, and will permit the parties to submit supplement briefing addressing <u>which</u> state law claims are preempted and/or legally insufficient and why or why not.

## I.     BACKGROUND

This case is a class action concerning wage and hour claims raised by employees of CityMac alleging violations of the Fair Labor Standards Act and related state laws. Plaintiffs assert numerous violations, including failure to pay overtime and earned commissions, off-the-clock work, pay deductions for meal breaks not actually taken, and failure to timely pay final paychecks. Defendants broadly deny Plaintiffs' allegations.

Plaintiff Shailesh Jahagirdar began this action by filing a Complaint on February 5, 2020,

1

seeking unpaid wages and statutory penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Doc. No. 1). Defendants broadly denied Mr. Jahagirdar's allegations, with the exception of a small amount of unpaid wages for 5.5 hours of work, in their Answer filed on March 6, 2020. (Doc. No. 5). Plaintiff Jahagirdar later filed an amended complaint to initiate a putative class action, alleging FLSA violations on behalf of himself and other similarly situated employees across five states, and moved to conditionally certify a collective action, both filed on March 14, 2020. (Doc. Nos. 7, 9).

On November 5, 2021, the Court certified Plaintiffs' proposed classes. (Doc. No. 210). The Court heard oral argument on various outstanding motions, including this one, on January 31, 2022. The Court granted Plaintiffs' Motion for Equitable Tolling of the Statute of Limitations on February 15, 2022. (Doc. No. 226). Class notice has been sent to members of the proposed classes.

## II.  STANDARD OF REVIEW

Rule 56 provides for Motions for Summary Judgment. FED. R. CIV. P. 56. On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a genuine issue for trial." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (citations omitted; emphasis in the original) (quoting FED. R. CIV. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a motion for summary judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, 477 U.S. at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id. at 252.

### III. DISCUSSION

#### a. *There are Many Genuine Issues of Material Fact Related to the Classes' Claims*

Summary judgment is improper in this case because there are numerous genuine issues of material fact. Plaintiffs provide a helpful summary of such issues of fact in their brief. (Doc. No. 214 at 2–9). While Defendants raise many arguments against Plaintiffs' evidence in their brief, these arguments go to the credibility of the evidence and not to whether genuine issues of fact exist. (See Doc. No. 205 at 2). Essentially, Defendants demand more evidence and more specifics

3

from Plaintiffs to substantiate their claims. But the time to weigh the credibility of evidence is trial, not on a motion for summary judgment. For purposes of this Motion, the Court finds that Plaintiffs have clearly provided adequate evidence to create genuine issues of material fact and survive this motion for summary judgment.

For example, Plaintiffs cite the testimony of Deborah Crouson. (Id. at 6–7; see also Doc. No. 215-8). Crouson worked for CityMac from November 18, 2019 to March 20, 2020. (Id.). In that time, she observed that Defendants "had a policy of subtracting overtime from commissions earned in the same pay period" and that Defendant Troy Curran explicitly instructed her to do this. (Id.). She also attested that Defendants would simply not pay commissions and bonuses earned by employees at certain times. (Id.). At other times, she attested, Curran would "manipulate the numbers to prevent employees from receiving commissions and bonuses." (Id.). She attested that Curran would fail to pay overtime at times, even though she told him that this was illegal. (Id.). In addition, Defendants failed to pay final wages of employees and sometimes made unlawful deductions from employee pay. (Id.). On top of this testimony about Defendants' payroll practices, Crouson testified that Defendant failed to timely pay her own final paycheck and required her to work off-the-clock. (Id.).

Against this evidence, Defendants raise only the fact that Ms. Crouson's period of employment was "short." (Doc. No. 218 at 15).[1] There is something to be said for this argument since Ms. Crouson was only employed about five months—an unusually short period of employment. However, it could be countered that five months was plenty of time for Ms. Crouson to acquaint herself with Defendant's policies and procedures, including what she described as

---

[1] Counsel for Defendants also made this argument when asked about Crouson's testimony at oral argument.

4

CityMac's "company-wide policy of not paying overtime to employees who worked more than 40 hours in a workweek." (Doc. No. 215-8 at 98–100). But Defendants take issue with Ms. Crouson's inability to recall more than a few specific examples. (Id.).

On summary judgment, the Court will not attempt to judge Ms. Crouson's credibility or weigh her evidence against other evidence. Rather, in considering a motion for summary judgment, the Court can only ask whether a genuine issue of material fact exists. The Court must draw inferences in favor of the non-moving party in so asking. Assuming for purposes of this analysis that her testimony is accurate, the Court finds that Ms. Crouson's testimony alone creates genuine issues of material fact sufficient to deny this motion because it is direct evidence that Defendants had a policy of failing to pay employees wages they had earned, in violation of wage and hour laws.

In addition to Ms. Crouson's testimony, there are significant other sources of evidence pointing to the existence of wage and hour violations. (See Doc. No. 214 at 2–9). Again, the Court does not find that this evidence proves that Defendants violated wage and hour laws, but finds that the evidence is sufficient to create genuine issues of material fact about whether Defendants violated wage and hour laws, drawing all inferences in Plaintiffs' favor. The Court declines to discuss this evidence in detail since the case of Ms. Crouson alone is remarkably clear, and because the Court has already provided a detailed discussion of the evidence contained in sworn depositions of class members in its order certifying Plaintiffs' classes. (See Doc. No. 210 at 8–14).

In certifying the classes, the Court found that "Defendants [did] not provide a persuasive explanation for why so many of their former employees, across a wide variety of contexts, would have reported such similar wage and hour issues." (Id. at 14). Defendants have again failed to provide a persuasive explanation, at least when inferences are drawn in Plaintiffs' favor (as they

must be on this procedural posture). Defendants do raise arguments about the credibility of Plaintiffs' witnesses, but these go to the credibility of Plaintiffs' evidence and not to whether Plaintiffs have successfully raised any issues at all. While the class certification analysis is distinct from the summary judgment analysis, the evidence is largely the same for both. Indeed, the amount of evidence of policies and practices violating wage and hour laws has only increased with the addition of Ms. Crouson's testimony and other evidence. For these reasons, summary judgment is improper on the class's claims of FLSA violations.

> b. *There are Genuine Issues of Material Fact as to all of Plaintiff Jahagirdar's Individual Claims*

Plaintiff Jahagirdar alleges FLSA Retaliation, Malicious Prosecution, Abuse of Process, IIED, and Interference with Prospective Economic Advantage. These allegations arise out of criminal allegations made by Defendant Troy Curran against Jahagirdar. Defendants report that they discovered an embezzlement scheme at the CityMac Wilmington store in late 2019 or early 2020. (Doc. No. 205 at 31–32). Defendants claim that they had reason to believe Jahagirdar was involved in the scheme based on the use of a cash card that potentially belonged to him and based on Defendant Troy Curran's understanding that one of the conspirators admitted to a police officer that Jahagirdar was involved in the scheme. (Id.).

Defendants have a plausible argument that their criminal accusations against Jahagirdar were innocuous and that his individual claims should fail. However, on summary judgment, the question is whether there are genuine issues of material fact as to the claims. For the following reasons, the Court finds that there are for all of Jahagirdar's individual claims.

The timing of Defendant Curran's accusation against Jahagirdar, coinciding with the time that Jahagirdar was raising concerns about wage and house violations and considering filing this lawsuit, is highly suspicious. In addition, all charges against Jahagirdar were dismissed and the

6

Court is not aware of any evidence tying him to the scheme, or the use of the cash card which Curran alleges he believed belonged to Jahagirdar. The lack of evidence further bolsters the conclusion that Curran may have chosen to accuse Jahagirdar of criminal misconduct not because he genuinely believed Jahagirdar to have committed a crime but because he wanted to retaliate against Jahagirdar for raising wage and hour problems and undermine Jahagirdar's credibility when he did so. This might also explain why, according to her testimony, Curran asked Crouson to call the district attorney's office every morning to ask for updates on his case. (Doc. No. 215-8 at 206).

Ultimately, the Court cannot determine at this time whether Curran genuinely believed Jahagirdar to have been implicated in the scheme which occurred at that time or whether Curran made the allegations in an attempt to retaliate against Jahagirdar for raising concerns about wage and hour violations. But the sworn testimony of Jahagirdar and Crouson, the highly suspicious timing of the allegation and the lack of any evidence corroborating Curran's accusations create genuine issues of material fact which must be resolved at trial. The Court finds that a reasonable trier of fact could believe that Jahagirdar was retaliated against. Therefore, the Court declines to grant Defendants' motion for summary judgment as to any of Plaintiff Jahagirdar's individual claims.

    c. *The Court Will Allow the Parties to Be Heard on the State Law Claims Again at Trial*

There are five classes of Plaintiffs, each bringing claims of FLSA violations and violations of state wage and hour law for their respective states. Defendants ask for summary judgment on the state law claims, arguing in some cases that the state laws do not apply to the alleged conduct and in other cases that the state laws are preempted by FLSA. The state law claims involve myriad complex legal issues, and the parties did not have the opportunity to be heard on these issues in

7

Case 1:20-cv-00033-MOC-WCM   Document 243   Filed 05/11/22   Page 7 of 8

detail at oral argument. Therefore, while the Court declines to grant summary judgment on any state law claims at this time, it will allow Defendants to renew these arguments at trial and will allow the parties to submit supplement briefing and be heard on the matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants Troy Curran and The Computer Haus NC, Inc.'s Motion for Summary Judgment, (Doc. No. 204), is **DENIED**. However, the Court will allow the parties to be heard on Plaintiffs' state law claims at trial, and will permit the parties to submit supplement briefing addressing <u>which</u> state law claims are preempted and/or legally insufficient and why or why not. The parties shall each have thirty (30) days to file supplemental briefing addressing this issue, and twenty (20) days thereafter to file responses.

Signed: May 11, 2022

Max O. Cogburn Jr
United States District Judge