IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-33-MOC-WCM

| | | |
|---|---|---|
| SHAILESH JAHAGIRDAR, ALLEN ALLEN, KAMRI NORRIS, JORDAN BLAIS, CONNOR JOHNSON, RAKIA GREEN, and ANDREW FREE, *on behalf of themselves and all others similarly situated*, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| THE COMPUTER HAUS NC, INC. *doing business as* CityMac, TROY CURRAN, OCEAN TECH, INC., *doing business as* CityMac, ZEPHYR INVESTMENTS, INC., *a Washington Corporation*, TS LEASING, LLC, *a Washington limited liability company*, GREEN VAULT, INC., *a Washington Corporation*, CURRAN RANCH, LLC, NORTHERN PASSAGE, INC., SALISH SEA, LLC, CURRAN HOLDINGS, LLC, *a Delaware Corporation,* MARK CURRAN, CURRAN BROTHERS, LLC, *a Michigan Corporation*, BRANDY CURRAN, AMBER CURRAN, OCEAN DANCE, *a Cayman Islands foreign registered entity* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on the following motions:

(1) Motion to Be Relieved as Counsel (the "Motion to Withdraw," Doc. 246).

(2) Motion to Modify Case Management Plan and Request for Scheduling Conference (the "Motion to Extend," Doc. 247).

(3) Motion to File Affidavit Under Seal or Otherwise Allow for In Camera Review (the "Motion to Seal," Doc. 252).

A hearing on these motions was conducted on June 22, 2022. Michelle Gessner appeared (by video) as counsel for Plaintiffs, Evan Dancy appeared as counsel for Mark Curran and Curran Brothers, LLC, and Jonathan Yarbrough and Jill Evert appeared as counsel for The Computer Haus NC, Inc.; Troy Curran; Ocean Tech, Inc.; Zephyr Investments, Inc.; TS Leasing, LLC; Green Vault, Inc.; Curran Ranch, LLC; Northern Passage, Inc.; Salish Sea, LLC; Curran Holdings, LLC; Brandy Curran; Amber Curran; and Ocean Dance.[1] Defendant Troy Curran also appeared by video.

The undersigned issued oral rulings on the motions during the June 22 hearing. This Order memorializes and further explains those rulings.

### I. Motion to Seal

On June 6, 2022, Mr. Yarbrough filed the Motion to Withdraw, by which he and Ms. Evert seek leave to withdraw as counsel for numerous Defendants, as discussed further below.

On June 21, 2022, Mr. Yarbrough filed the Motion to Seal, by which he

---

[1] At the time of the hearing, the docket reflected that Mr. Yarbrough was also counsel of record for Mark Curran and Curran Brothers, LLC.

requests permission to file an affidavit supporting the Motion to Withdraw under seal, or, in the alternative, that the court consider the affidavit *in camera*. Without objection, counsel submitted an unredacted copy of his affidavit during the hearing.

Following a review of that document, and for the reasons stated in the Motion to Seal and without objection by the other parties, the Motion to Seal was allowed.

## II. Motion to Withdraw

The Motion to Withdraw states that Mr. Yarbrough and Ms. Evert seek leave to withdraw as counsel of record for the following Defendants: The Computer Haus NC, Inc.; Troy Curran; Ocean Tech, Inc.; Zephyr Investments, Inc.; TS Leasing, LLC; Green Vault, Inc.; Curran Ranch, LLC; Northern Passage, Inc.; Salish Sea, LLC; Brandy Curran; Amber Curran; and Ocean Dance.[2]

On June 9, 2022, by text order, the undersigned directed the Clerk to set a hearing on the Motion to Withdraw. Further, the undersigned directed that counsel should appear in person and that Troy Curran, Amber Curran, Brandy Curran and a representative of Defendants The Computer Haus NC, Inc.; Ocean Tech, Inc.; Zephyr Investments, Inc.; T.S. Leasing, LLC; Green Vault,

---

[2] Mr. Yarbrough and Ms. Evert first appeared in this matter in February 2021 when they were substituted for their clients' previous counsel. Docs. 118 – 123.

3

Inc.; Curran Ranch, LLC; Northern Passage, Inc.; Salish Sea, LLC; and Ocean Dance "personally participate in the hearing via video teleconference or, if video teleconference is unavailable, via telephone."

As noted above, Troy Curran appeared at the June 22 hearing remotely by video. He indicated that Brandy Curran was unavailable due to her work schedule. No information was provided as to why Amber Curran did not participate.

During the hearing, Mr. Yarbrough advised that he and Ms. Evert also wished to withdraw as counsel of record for Defendant Curran Holdings, LLC. He also stated that he wished to withdraw as counsel of record for Defendants Mark Curran and Curran Brothers, LLC, who have been, and will continue to be, represented by Mr. Dancy, Benjamin Fryer, and Matthew Gilley.

Counsel for the other parties did not object to the withdrawal of Mr. Yarbrough and Ms. Evert.

Additionally, the undersigned advised the parties, and Troy Curran confirmed that he was aware, that The Computer Haus NC, Inc.; Ocean Tech, Inc.; Zephyr Investments, Inc.; TS Leasing, LLC; Green Vault, Inc.; Curran Ranch, LLC; Northern Passage, Inc.; Salish Sea, LLC; Curran Holdings, LLC; and Ocean Dance cannot proceed in this matter *pro se*. See Sea Island Co. v. The IRI Group, LLC, Civil No. 3:07cv013, 2007 WL 2997660 at *2 (W.D.N.C. Oct. 12, 2007) ("the law is well-established that corporate entities and other

non-human entities, such as limited liability companies, can appear in federal court only through counsel"); The CIT Group/Comm. Services v. Crystal Springs Apparel, LLC, No. 3:08-CV-113-FDW, 2008 WL 2832773, *3 (W.D.N.C. July 16, 2008) (LLC may only appear in federal court only through licensed counsel).

Accordingly, the undersigned set a deadline for any new counsel for these entities to file a notice of appearance and advised that if new counsel for these Defendants did not appear by that deadline, the undersigned would recommend that default be entered against them. As Troy Curran indicated that he had some upcoming personal appointments, the undersigned also advised him that he may ask that the deadline to seek new counsel be extended, if necessary.

Finally, as last known addresses for The Computer Haus NC, Inc.; Ocean Tech, Inc.; and Curran Holdings, LLC are required by Local Civil Rule 83.1(f), Mr. Yarbrough and Ms. Evert will be directed to file a Notice with this additional information.

### III. Motion to Extend

In the written Motion to Extend, Mark Curran and Curran Brothers, LLC request an additional 45 days to conduct discovery, and an additional 30 days thereafter to file dispositive motions. Plaintiffs oppose this request.

Mark Curran and Curran Brothers, LLC were joined as Defendants in

5

July 2021 after Plaintiffs were given leave to file their Fourth Amended Complaint. See Docs. 165; 166. In the Order granting Plaintiffs' request, the court extended the deadline to complete discovery through and including October 4, 2021, and the deadline to file dispositive motions through and including November 4, 2021. Doc. 165. The undersigned specifically stated that "those parties that will now be added as defendants by virtue of the granting of Plaintiffs' Motion to Amend should be given an opportunity to appear, conduct discovery, and respond to Plaintiffs' claims, as necessary" and that the dispositive motions deadline would pertain to motions "by or against the new parties and/or addressing the new allegations appearing in the Fourth Amended Complaint." Id. at 8.

Plaintiffs' Fourth Amended Complaint was filed on July 13, 2021. Doc. 166.

On August 9, 2021, Mark Curran and Curran Brothers, LLC filed a Motion to Dismiss, arguing that personal jurisdiction over them was lacking. Doc. 176.

On March 17, 2022, the presiding District Judge denied the Motion to Dismiss. Doc. 231.

On March 30, 2022, Mr. Gilley made an appearance on behalf of Mark Curran and Curran Brothers, LLC. Doc. 232.

These Defendants answered the Fourth Amended Complaint on April 7,

2022. Doc. 236.

On April 28, 2022, Mark Curran and Curran Brothers, LLC moved to continue the trial. Doc. 239. The basis for that request was that Mr. Gilley had been advised to take a leave of absence by his physician. The motion was granted, and the matter was set for the August 1, 2022 trial term.

The Motion to Extend was filed on June 8, 2022 (less than sixty days before trial).

Under these circumstances, the undersigned is not persuaded that good cause exists for the discovery period to be reopened or the dispositive motions deadline be extended retroactively. See F.R.C.P. 16(b)(4).

Mark Curran and Curran Brothers, LLC have been parties to this case since July of 2021. However, they did not move for an extension of the October 2021 discovery deadline until June of 2022. Further, their counsel acknowledged during the hearing that they have not conducted any discovery and that they do not need additional time to conduct discovery.[3]

In addition, when these Defendants entered the case in July of 2021, the undersigned extended the dispositive motions deadline to November 4, 2021. They accurately point out that at the time the dispositive motions deadline

---

[3] Defense counsel also acknowledged during the hearing that these Defendants were in a position to file a motion for summary judgment immediately after the March 17, 2022 denial of their Motion to Dismiss.

expired in early November 2021, their Motion to Dismiss was pending before the District Court. Nonetheless, these Defendants did not move to extend the dispositive motions deadline before it expired. Likewise, they did not request that the dispositive motions deadline be extended promptly after the District Court denied their Motion to Dismiss in mid-March 2022, or in connection with their April 28, 2022 request to continue the trial setting, or at any time thereafter prior to filing the instant Motion to Extend on June 8, 2022.[4]

**IT IS THEREFORE ORDERED** that:

(1) The Motion to Be Relieved as Counsel (Doc. 246) is **GRANTED** as follows:

    a. Jonathan Yarbrough and Jill Evert are **WITHDRAWN** as counsel of record for The Computer Haus NC, Inc.; Troy Curran; Ocean Tech, Inc.; Zephyr Investments, Inc.; TS Leasing, LLC; Green Vault, Inc.; Curran Ranch, LLC; Northern Passage, Inc.; Salish Sea, LLC; Curran Holdings, LLC; Brandy Curran; Amber Curran; and Ocean Dance.

    b. Jonathan Yarbrough is **WITHDRAWN** as counsel of record for

---

[4] Counsel for these Defendants argued that Mr. Gilley's illness played a part in the delay of their request for an extension of the dispositive motions deadline. The undersigned acknowledges this statement but also notes that these Defendants have been represented by other counsel in addition to Mr. Gilley since they entered the case. Further, these Defendants' motion to continue the trial, which was filed on April 28, 2022, stated that Mr. Gilley had "identified counsel to monitor these matters while he is away…." Doc. 239 at 2.

Mark Curran and Curran Brothers, LLC.

c. Jonathan Yarbrough and Jill Evert are directed to **FILE**, on or before July 1, 2022, a Notice setting forth the last known addresses for The Computer Haus NC, Inc.; Ocean Tech, Inc.; and Curran Holdings, LLC.

d. The Computer Haus NC, Inc.; Ocean Tech, Inc.; Zephyr Investments, Inc.; TS Leasing, LLC; Green Vault, Inc.; Curran Ranch, LLC; Northern Passage, Inc.; Salish Sea, LLC; Curran Holdings, LLC; and Ocean Dance are **ADVISED** that they may only appear in this action through counsel and that such substitute attorney(s) must file a notice of appearance for them in this case on or before **July 13, 2022**. These Defendants are further advised that if new counsel does not appear by that date, the undersigned will recommend that default be entered against any of these Defendants that remain unrepresented.

(2) The Motion to File Affidavit Under Seal or Otherwise Allow for In Camera Review (Doc. 252) is **GRANTED**, and the Clerk is respectfully directed to file the Affidavit of Mr. Yarbrough, which was provided during the June 22, 2022 hearing, **UNDER SEAL**.

(3) The Motion to Modify Case Management Plan and Request for Scheduling Conference (Doc. 247) is **DENIED**.

Signed: June 27, 2022

W. Carleton Metcalf
United States Magistrate Judge