UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-CV-33-MOC

| | |
|---|---|
| SHAILESH JAHAGIRDAR et. al., | |
| Plaintiff, | |
| vs. | ORDER |
| THE COMPUTER HAUS NC, INC. et. al., | |
| Defendants. | |

**THIS MATTER** is before the Court on Defendants' Motion to Bifurcate Trial. (Doc. No. 277). Plaintiffs oppose the motion.

### I. BACKGROUND

In this action, Plaintiff and the purported class have sued Defendants for unpaid wages, among other things. Plaintiffs bring various claims, including claims under the Fair Labor Standards Act and North Carolina Wage and Hour Act. Through variation iterations of the Complaint, Plaintiffs have named numerous Defendants and have alleged that various Defendants are liable under alter ego theories. Plaintiffs also accuse various Defendants of fraudulent money transfers as a way to avoid having to pay damages.

In the pending motion to bifurcate, Defendants ask the Court to bifurcate the trial into two separate "phases." In Phase One, the trier of fact would make determinations regarding the "employer liability" issues, meaning liability for the Employer Defendants under Federal law, or any applicable State laws, for wage and hour issues. More specifically, Phase One would encompass Counts one (I) through twenty-six (XXVI) in Plaintiffs' Fourth Amended Complaint–

1

which Plaintiffs bring solely against the Employer Defendants–and damages, if any, under those claims.

In Phase Two, if necessary, the trier of fact would determine the "alter ego liability" issues. This would include determinations related to: (1) whether there has been a fraudulent transfer as alleged in Count XXVII, and, if so, (2) whether Non-Employer Defendants and Curran Brothers, LLC, are, in fact, alter egos of Troy Curran, whether Ocean Tech has successor liability, and whether Mark Curran is, in fact, in partnership with Troy Curran, and (3) what specific transfers were violative of the subject Washington State statute, and (4) in what amounts, if any, liability should be extended to each of the Non-Employer Defendants and Mark Curran Defendants, based on any purported transfers of Employer Defendants' assets.

As noted, Plaintiffs oppose the motion to bifurcate.

**II.     DISCUSSION**

Rule 42(b) of the Federal Rules of Civil Procedure grants this Court the authority to "order a separate trial of one or more separate issues or claims for convenience, to avoid prejudice, or to expedite and economize." Walker v. White, No. CIV. 1:06-CV-350, 2010 WL 2390149, at *1 (W.D.N.C. June 10, 2010). Rule 42(b) states:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision to bifurcate a trial under Rule 42(b) rests within the sound discretion of the trial court. Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir. 1953). "The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote

2

greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." F & G Scrolling Mouse, LLC v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999). Of particular importance here, bifurcation may be appropriate where litigation of one issue may obviate the need to try another issue. Walker v. White, 2010 WL 2390149, at *1.

The Court will grant Defendants' motion, as the Court agrees with Defendants that by bifurcating the trial into two phases, the Court will avoid unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Having considered the motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion to Bifurcate Trial (Doc. No. 277) is **GRANTED**.

Signed: November 18, 2022

Max O. Cogburn Jr.
United States District Judge