UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:20-cv-0033-MOC

| | |
|---|---|
| SHAILESH JAHAGIRDAR, et. al.<br><br>　　　　　Plaintiffs,<br>v.<br><br>THE COMPUTER HAUS NC, INC. et. al.<br>　　　　　Defendants. | **PLAINTIFFS' REQUEST TO ALLOW WILLIAM MOLNAR SUFFICIENT TIME TO TRAVEL FROM CANADA TO ASHEVILLE ON MARCH 2, 2023 TO TESTIFY IN PHASE TWO AND TIME TO BRIEF THE PHASE TWO JURY INSTRUCTION/VERDICT FORM ON FLSA LIABILITY PROPOSED BY DEFENDANTS** |

**A.　Witness William Molnar is scheduled to arrive in Asheville at 10:30 on March 2, 2023.**

Plaintiffs herein move to ensure that witness William Molnar is afforded sufficient time to travel from Canada, driving two hours to Seattle and flying to Asheville by way of by vehicle and then fly from Seattle to Chicago to on to Asheville. His flight leaves Seattle at midnight and can arrive in Asheville at 10:04 a.m. It is a 21 minute drive from the airport. Mr. Molnar can be in Court after 10:30 am if all goes as scheduled and there are no surprises. [Ex. A]

Mr. Molnar has direct evidence on the issues before the jury in Phase Two. As this Court has recognized, he presents credibly and has a wealth of information due to his length of time with Troy Curran. Although Mr. Molnar will endure certain hardships with his professional and personal life to return to Asheville again, he is willing to make the trip to tell the rest of the story that did not get told in Phase One.

It should also be noted that Mr. Molnar is not a Plaintiff in this case and did not choose the forum. Mr. Curran chose the forum when he elected to buy a North Carolina company with its principal place of business in Asheville, North Carolina. Furthermore, Mr. Molnar was

prevented from testifying to all the facts within his knowledge because Troy Curran and Mark Curran successfully sought to bifurcate the issues of alter ego and partner liability. [ECF No. 277] Plaintiffs strenuously opposed bifurcation on the grounds of prejudice for having witnesses appear twice, particularly those traveling long distances. [ECF No. 281] The prejudice Plaintiffs sought to avoid will come to fruition if Mr. Molnar is not given time to appear in person and this Court has already denied any possibility that he be permitted to appear by Zoom.

Plaintiffs will be extremely prejudiced if they are compelled to finish their case in chief for Phase Two if the jury returns a verdict in sufficient time today. Plaintiffs have considerable documentary evidence to present to the jury through Troy Curran and/or Mark Curran. Some of the evidence may also be presented through requests for judicial notice.

**B. Defendants are judicially estopped from arguing no liability under the FLSA.**

On September 29, 2022, Defendants moved to bifurcate the trial into to two phases on the following grounds:

> Defendants propose bifurcation of trial into two separate "phases." In Phase One, the trier of fact would make determinations regarding the "employer liability" issues, meaning liability for the Employer Defendants under Federal law, or any applicable State laws, for wage and hour issues. More specifically, Phase One would encompass Counts one (I) through twenty-six (XXVI) in Plaintiffs' Fourth Amended Complaint – which Plaintiffs bring solely against the Employer Defendants – and damages, if any, under those claims.

[ECF 277-1 at p. 1]

Defendants spelled out the scope and issues in Phase Two as:

In Phase Two, if necessary, the trier of fact would determine the "alter ego liability" issues. This would include determinations related to: (1) whether there has been a fraudulent transfer as alleged in Count XXVII, and, if so, (2) whether Non-Employer Defendants and Curran Brothers, LLC, are, in fact, alter egos of

Troy Curran, whether Ocean Tech has successor liability, and whether Mark Curran is, in fact, in partnership with Troy Curran, and (3) what specific transfers were violative of the subject Washington State statute, and (4) in what amounts, if any, liability should be extended to each of the Non-Employer Defendants and Mark Curran Defendants, based on any purported transfers of Employer Defendants' assets.

[ECF 277-1 at p. 2]

Furthermore, Defendants expressly argued in their Motion to Bifurcate that, "the Non-Employer Defendants and Mark Curran Defendants will suffer prejudice if bifurcation is not granted. They will be required to undergo the burden and expense of trial presentations *on the payroll claims, which the Non-Employer Defendants and Mark Curran Defendants have nothing to do with.*" [ECF 277-1 at p. 11 (emphasis added)]

Now, in the ultimate attempt at "bait and switch" Defendants have prepared Jury Instructions that do not even mention alter ego, successor liability or partnership liability. Similarly, the Jury Verdict Form is based solely on FLSA liability and does not even mention alter ego, successor liability or partnership liability. Instead, the entire focus of Defendants' Phase Two is apparently FLSA liability or lack thereof. That ship has sailed.

However, "[j]udicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995). "The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Id.* at 29 (internal quotation marks omitted). In short, because Defendants were successful in making this argument and achieving the desired bifurcation, they are judicially estopped from now arguing that Mark Curran and the Non-Employer Defendants can escape liability based on theories arising under the FLSA. Under judicial estoppel principles,

3

Defendants are stuck with factual assertion that the payroll claims "have nothing to do with them," and Phase Two should move forward on the basis of the arguments made in Defendants' Motion to Bifurcate. Otherwise, the bifurcation and hardship on witnesses like William Molnar, and the jury, would have been for naught.

As such, Plaintiffs respectfully request this Court allow Mr. Molnar sufficient time to travel from Canada to Asheville to appear in person after 10:30 am on March 2, 2023 or after and provide sufficient time for Plaintiffs to research and address the Court with the judicial estoppel implications of Defendants' new position.

Respectfully submitted this the 1st day of March 2023.

> */s/ L. Michelle Gessner*
> L. Michelle Gessner, NCSB#26590
> GESSNERLAW, PLLC
> 602 East Morehead Street
> Charlotte, North Carolina 28202
> T: 704.234.7442;  F: 980.206.0286
> Email: michelle@mgessnerlaw.com
>
> *Plaintiffs' Class Counsel*