UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-CV-33-MOC

| | |
|---|---|
| SHAILESH JAHAGIRDAR et. al., | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| THE COMPUTER HAUS NC, INC. et. al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Protective Order, Motion for Sanctions, and Motion for Order to Show Cause, filed on March 2, 2023, after an alleged verbal attack by defense counsel Nathan A. White against Plaintiff's counsel Michelle Gessner. This altercation occurred inside the courtroom but not while court was in session. (Doc. No. 325).

I. PROCEDURAL BACKGROUND

This motion was filed after an altercation between Plaintiff's counsel Michelle Gessner and Defendant's counsel Nathan A. White. Ms. Gessner asserts in her motion for protective order and for sanctions that on February 28, 2023, after the jury was dismissed and the Court recessed for the day, Ms. Gessner, remained in the courtroom packing up her belongings. Defendants Mark Curran and Troy Curran, remained in the courtroom while their attorneys, Nathan White, Evan Dancy and Benjamin Fryer, sat at counsel's table, reading a trial brief that Ms. Gessner had just filed.

Ms. Gessner asserts that, suddenly, and without warning or provocation, Mr. White

1

questioned very loudly and in a condescending tone: "Michelle, you are aware that Evan was here representing Curran Brothers, aren't you? You know that, right?" Ms. Gessner responded that she is aware Mr. Dancy was at trial on behalf of Curran Brothers and noted that he was also present on behalf of Mark Curran as noted in Plaintiffs' brief. According to Ms. Gessner, in response to Ms. Gessner, Mr. White exploded, yelling at Ms. Gessner, "You are a fucking piece of shit worthless human! You know that?! You are a worthless human!" Ms. Gessner said to Mr. White, "You do not get to speak to me like that. If you can't speak to me with respect, please do not say anything at all."

Ms. Gessner states that she then walked out of the courtroom to gather the rest of her belongings from the Attorney Room. After collecting her belongings from the Attorney Room, Ms. Gessner reentered the courtroom and because of the egregious behavior of Mr. White, asked the clerk, Angela Smith, and court reporter, Michelle McGirr, as well as the court security officer, if there was an audio or video recording of what had just occurred. Ms. Gessner expressly said, "As officers of the Court, this [Mr. White's behavior] was unacceptable." Ms. Gessner asserts that, at this point, Mr. White rushed up to Ms. Gessner and got within inches of her face, pointing his finger, close enough to strike her and screamed, "I don't care if it was recorded, you are a worthless fucking piece of shit! You called me a liar yesterday!" Then he again screamed at Ms. Gessner that she was a "worthless piece of shit!"

When Mr. White was pointing in Ms. Gessner's face, she stood her ground and told him to get out of her face right now. Ms. Gessner then again asked if any of the attack was recorded anywhere. The clerk shook her head, "no" and Ms. Gessner stated that she is sorry that unfortunately they will have to be the witnesses to what transpired as it is completely unacceptable. Mr. White then proceeded to yell, "I don't care! I'll take this up to whatever

2

board!" At that point, the court security officer walked over and stood between Ms. Gessner and Mr. White's entourage and instructed Ms. Gessner to wait until Defendants and their counsel were out of the courtroom. Ms. Gessner had to sit down to recover as Mr. White, Mr. Dancy, Mr. Fryer, Mark Curran and Troy Curran began leaving the courtroom.

In addition to the allegations regarding Mr. White's conduct, Ms. Gessner further alleges in the motion that the other two defense counsels, Mr. Dancy and Mr. Fryer, failed to try to intervene to stop the verbal attack. Plaintiffs ask this Court to assess sanctions against Mr. White, Mr. Dancy and Mr. Fryer, including but not limited to monetary and non-monetary sanctions; an order to show cause as to contempt; and/or issuing a protective order in favor of Ms. Gessner, enjoining any further conduct that violates the Rules of Professional Conduct, threatens her safety, or interferes with her ability to represent her clients zealously.

## II. DISCUSSION

The morning after this incident, this Court held a hearing after the motions were filed, in which a court security officer and a courtroom deputy testified as to what happened in the courtroom. The Court notes further that Mr. White explained to the Court that he had a medical emergency two nights before the altercation, had been admitted to a hospital emergency room, and was in a very stressed mental state when the verbal altercation occurred.

The testimony adduced from the witnesses shows that Mr. White did, in fact, use vulgar language against Ms. Gessner, approached her in an antagonistic manner, and otherwise acted towards Ms. Gessner in the manner she described in her motion. Behavior such as this is unacceptable, deplorable, and not justified under any circumstances. The Court finds that it is undisputable that Mr. White engaged in multiple types of inexcusable professional misconduct by verbally attacking opposing counsel in the courtroom and in the presence of court staff and

3

the court security officer. Ms. Gessner at all times acted professionally during the verbal altercation. As such, at the conclusion of the hearing, the Court demanded that attorney White apologize to Ms. Gessner in open court. Mr. White proceeded to apologize to both the Court and to Ms. Gessner. Following the hearing, the Court ordered attorney White to have no contact with Ms. Gessner during the trial except in the Court's presence. The court left open the question of sanctions until the end of trial.

The Court further finds, however, that no evidence was offered at the hearing in this matter to support the allegations as to the conduct of attorneys Dancy and Fryer. This Court finds that attorneys Dancy and Fryer took no part in the unacceptable conduct of attorney White, nor did they encourage or support his conduct. The Court finds that there is simply no evidence presented at the hearing showing that attorneys Dancy and Fryer committed any violations of rules of professional conduct.

As to the matter of sanctions, the Court notes that the language complained of in this case did not occur in the presence of the Court. Moreover, there is no evidence that it has affected either the affairs of the Court or the "orderly and expeditious disposition" of any cases before it. See Saldana v. Kmart Corp., 260 F.3d 228, 238 (3d Cir. 2001). The trial continued until the afternoon of March 2, 2023, without further incident and resulted in a verdict for the Plaintiff on most issues.

The Court strongly admonishes Mr. White. His conduct was unprofessional, egregious, and unacceptable for an officer of the court. Moreover, Mr. White's conduct, acting alone, unfairly implicated the reputations of attorneys Dancy and Fryer, who have done no wrong. The Court trusts that Mr. White's conduct was an anomaly and therefore will not take further action today.

4

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order, Motion for Sanctions, Motion for Order to Show Cause, filed on March 2, 2023, (Doc. No. 325), is **DENIED**.

Signed: March 2, 2023

*Max O. Cogburn Jr*
United States District Judge