UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
C/A NO. 1:20-CV-0033-MOC

SHAILESH JAHAGIRDAR, et. at,

    Plaintiffs,

v.

THE COMPUTER HAUS, INC., et al.,

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S POST-TRIAL BRIEF IN SUPPORT OF LIQUIDATED DAMAGES, PENALTIES, INTEREST AND ATTORNEY'S FEES**

**NOW COME** Defendants The Computer Haus NC, Inc. d/b/a CityMac, Troy Curran, Ocean Tech, Inc. d/b/a CityMac (collectively, the "Employer Defendants"), Defendants Zephyr Investments, Inc., TS Leasing, LLC, Green Vault, Inc., Curran Ranch, LLC, Northern Passage, Inc., Salish Sea, LLC, Curran Holdings, LLC, Brandy Curran, Amber Curran and Ocean Dance (collectively, the "Non-Employer Defendants"), (together with the Employer Defendants and Non-Employer Defendants, collectively, the "Defendants"), by and through their undersigned counsel, and hereby oppose Plaintiffs' Post Trial Brief in Support of Liquidated Damages, Penalties, Interest, and Attorney's Fees ("Post-Trial Brief") (ECF No. 330).

**I.    The Plaintiffs' Post Trial Brief in Support of Liquidated Damages, Penalties, Interest and Attorney's Fees is Procedurally Defective**

The Plaintiffs have filed a Post-Trial Brief in need of a motion. LCvR 7.1 for the Western District of North Carolina provides that "[u]nless made during a hearing or trial, all motions must be written and filed as provided by LCvR 5.2.1 and must state with particularity the grounds for the motion and the relief or order sought." Plaintiffs have not submitted a written motion for the relief they seek in their Post-Trial Brief, nor does the Post-Trial Brief reference or purport to

support any oral motion made during a hearing or trial. Plaintiffs appear to acknowledge this requirement in their submission—despite its title, Plaintiffs apparently do not seek attorney's fees by way of this brief, noting repeatedly that a motion for attorney's fees and costs will be brought at a later time. (*See* Post-Trial Brief, ECF No. 330, at pp. 4, 6, 8, 9-10, 12-13). Due to these representations, Defendants do not address any arguments in favor of attorney's fees, as the Plaintiffs are not currently seeking them.[1] Put quite simply, there is nothing for the Court to decide by way of the Post-Trial Brief because no appropriate motion has been made.

## II. Even if the Plaintiffs' Post-Trial Brief is Procedurally Adequate, the Relief Sought Should be Denied

### a. North Carolina

Plaintiffs seek liquidated damages and penalties pursuant to N.C. Gen. Stat. § 95-25-22 *et seq*. Plaintiffs seek "Liquidated Damages unpaid wages" and "Liquidated Damages unpaid final wages for North Carolina Class Members working in March of 2020. (ECF No. 330 # 330, pp. 1, 3). The North Carolina Wage and Hour Act ("NCWHA") provides for an award of liquidated damages unless the fact finder determines that the employer's actions were in good faith and they had reasonable grounds for believing their acts and/or omissions were not in violation of the Act. *See Morris v. Scenera Research, LLC,* 368 N.C. 857, 864, 788 S.E.2d 154, 160 (2016).

Plaintiffs' claims for "unpaid wages" liquidated damages should fail because there is ample evidence to show that any violation of this section was in good faith and reasonable. Defendants note that while Plaintiffs place great reliance on the jury's finding that the violations were "willful," they do not point to any authority which provides that a "willful" violation is the same as one not made in good faith with a reasonable belief that the violation was reasonable. While

---

[1] To the extent that the Court determines that the Plaintiffs' submission constitutes a ripe request for attorney's fees, Defendants request that they be given leave to respond to that request as necessary.

willfulness is a relevant consideration for certain FLSA violations and under the North Carolina Retaliatory Employment Discrimination Act, it is simply not the standard for an NCWHA claim. *Id.* It is also not an issue of fact for the jury—the statute explicitly leaves this determination to the trial court. *Id.* at 864-865. 788 S.E.2d at 160. If the showing of good faith and reasonableness is made "to the satisfaction of the trial court," then the Court is not required to assess liquidated damages.

Here, there is ample legal and factual bases to find that an award of liquidated damages is improper. First, as Plaintiffs note, the jury did not award the North Carolina class any damages for unpaid final wages. Therefore, they are not entitled to *any* liquidated damages for unpaid final wages because the statute clearly provides that liquidated damages shall "equal the amount found to be due as provided in subsection (a) of this section." The jury found that amount to be zero – therefore, even if liquidated damages were assessed, the amount would be zero as well.

Second, the issue of good faith is a matter for the court to decide, and there is sufficient evidence in the record to show that any such violations are insufficient to warrant the imposition of liquidated damages as a matter of North Carolina law. Throughout the course of trial, ample evidence was presented that North Carolina employees were aware of the company policy not to work "off the clock," and yet did so anyway. The substance of the North Carolina employees' testimony amounted to rank speculation of the hours they believed they work off the clock. The jury in turn used the improperly admitted expert report to calculate damages, and essentially found that every North Carolina employee worked two (2) hours "off the clock" on average for every week the employee worked for CityMac.

Lastly, under North Carolina law, employees are not entitled to interest on any liquidated damages which may be assessed. *See Hamilton v. Memorex Telex Corp.*, 118 N.C. App. 1, 16, 454

S.E.2d 278, 286 (1995). Therefore, the Court should decline to award liquidated damages and interest under North Carolina law.

### b. South Carolina

The treble damages provisions of S.C. Code Ann. § 41-10-80(c) are not mandatory. *Rice v. Multimedia, Inc.*, 318 S.C. 95, 99, 456 S.E.2d 381, 384 (1995). Further, a finding that an employee is entitled to recover unpaid wages is not the same as a finding that that an employee is entitled to treble damages. *O'Neal v. Intermedical Hosp.*, 355 S.C. 499, 509, 585 S.E.2d 526, 531 (Ct. App. 2003). Unlike North Carolina, there is no burden shifting provision in this section- the Plaintiff is required to put forward evidence of bad faith in the time period when the wages were actually withheld to support an award of treble damages. *See Young v. CareAlliance Health Servs.*, No. 2:12-2337-RMG, 2014 U.S. Dist. LEXIS 137140, at *41 (D.S.C. Sep. 29, 2014).

Here, the Plaintiffs have not put forward evidence of bad faith, and their brief points to no evidence in the record justifying an award of treble damages. Plaintiffs' argument is wholly conclusory. The Post-Trial Brief cites the relevant statutes and then concludes, without analysis or any additional factual support, that they are entitled to treble damages. That is not the law in South Carolina, and this Court should not credit such barebones and conclusory arguments. Since Plaintiffs have not met their burden, they are not entitled to treble damages.

Plaintiffs are further not entitled to an award of interest. In South Carolina, prejudgment interest is available on certain sum-certain claims. The claims at issue here were not for a sum-certain, nor are they for liquidated damages, despite Plaintiffs conflating liquidated damages and treble damages.

### c. Washington

Plaintiff's recitation of Rev. Code Wash. 49.52.070 in their brief is incomplete, omitting

the final clause. That sentence provides that "PROVIDED, HOWEVER, that the benefits of this section shall not be available to any employee who has knowingly submitted to such violations." Wash. Rev. Code Ann. § 49.52.070 (emphasis in the original). This section only applies where "nonpayment of wages is conducted willfully and with the intent to deprive the employee of any part of his wages." *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1050 (9th Cir. 1995).

Here, the jury returned a verdict that CityMac "willfully violated the laws." There has been no finding of which laws were violated, nor whether that violation was made with the intent to deprive any employee of any part of their wages. As a result, there are insufficient facts upon which to base an award of double damages under Washington law, and Plaintiffs' claims should be denied.

Plaintiffs also base a claim for unpaid final wages on RCW 49.48.010 and claim, without any support, that this section entitles them to treble damages. However, RCW 49.48.010 does not provide for either liquidated damages or treble damages. Further, the jury awarded no damages for unpaid final wages. Therefore, Plaintiffs' argument for treble damages and/or liquidated damages or unpaid final wages is wholly without merit and this claim should be denied.

### d. Colorado

The Colorado statute Plaintiffs base their claim for liquidated damages on requires that an employee make a written demand on the employer before the employee can take advantage of the penalties provided for therein. Colo. Rev. Stat. § 8-4-109. There is no evidence of any such written demand, and Plaintiffs have pointed to no such evidence in their brief. Therefore, they are not entitled to civil penalties and this claim should be denied.

### e. Oregon

Plaintiffs state, entirely without legal support, that "[i]n Oregon, employees with wage

- 5 -

Case 1:20-cv-00033-MOC-WCM   Document 331   Filed 04/28/23   Page 5 of 8

claims can collect liquidated damages under federal law in the amount of 100% of the unpaid wages." As this claim is unsupported by any law in the Post-Trial Brief, it should not be entertained by this Court. Defendants cannot even properly respond to this claim without knowing what it is based on.

Plaintiffs also seek, yet again, for liquidated damages on their claims for failing to pay final wages timely upon termination. The jury returned a verdict in favor of the Plaintiffs but awarded no damages. This penalty is tied to the amount of unpaid wages and contains specific notice requirements. The Plaintiffs appear to argue that their claims were made "effectively" when they amended their complaint on "March 10, 2012" [sic]. Plaintiffs have pointed to no Oregon law which allows for "effective notice" of unpaid wage claims. Rather, ORS § 652.150 has specific requirements for such notices – "written notice of nonpayment must include the estimated amount of wages or compensation alleged to be owed or an allegation of facts sufficient to estimate the amount owed. Submission of a written notice of nonpayment that fails to include the estimated amount of wages or compensation alleged to be owed or an allegation of facts sufficient to estimate the amount owed does not satisfy the requirement for written notice under this subsection unless the employer has violated ORS 652.610, 652.640 or 653.045." Or. Rev. Stat. Ann. § 652.150. The Plaintiffs Complaint was not sufficient notice under Oregon law, and therefore they have not satisfied the notice requirement.

Moreover, the jury awarded the Oregon class *zero* damages for unpaid wages. Based on the verdict form, this can only mean that the jury found that the wages were paid, albeit late, in accordance with Oregon law. Therefore, there are no wages upon which to base a penalty on, and this claim should be denied.

Plaintiffs' claim for compensation for unpaid meal breaks is not supported by any law, nor

- 6 -
Case 1:20-cv-00033-MOC-WCM   Document 331   Filed 04/28/23   Page 6 of 8

is it supported by the jury's verdict. Again, the jury returned a verdict in favor of the Plaintiffs on this issue but awarded no damages. Plaintiffs are asking this Court to award damages that the trier of fact declined to award and have offered no law to support such a claim. Therefore, this claim should be denied.

### III. The Jury's Verdict Does Not Support Plaintiffs' State Law Claims for Liquidated Damages and Other Penalties

Plaintiffs are asking this Court to make a number of conjectures, suppositions, and factual leaps to support their claims for penalties and liquidated damages, and this Court should decline to do so. Specifically, as set forth herein, the verdict form does not reflect findings necessary for the various state law theories the Plaintiffs advance post-trial. For example, the verdict does not specify whether the Defendants acted in bad faith, a requirement for penalties under South Carolina law. The verdict does not specify whether the Defendants acted in good faith with a reasonable belief that they were not violating the law, as required for the imposition of North Carolina law.[2] The verdict form does not specify whether the Washington Plaintiffs knowingly submitted to any violations of Washington law, nor does it specify whether the Defendants intended to deprive the Plaintiffs of any part of their wages. The verdict contains no findings as to notice of unpaid wages.

Simply put, the jury did not make the necessary findings to support the imposition of the state law penalties, treble damages, double damages, and liquidated damages the Plaintiffs seek. The Plaintiffs had ample time to craft and submit a more appropriate and comprehensive jury verdict form, accounting for the vagaries in state law and the distinctions between the laws of the various jurisdictions they were proceeding under. They did not, nor did they object to the verdict form either at the charging conference or when the verdict was announced.

---

[2] To the extent this is a question for the Court to decide, the Plaintiffs could have proposed the Court take up this issue during Phase II when the Parties elected to proceed with a bench trial for Phase II.

As a result, the verdict form does not contain adequate findings to support many if not all of the claims they advance in their Post-Trial Brief. The Plaintiffs had ample time and opportunity to object and seek a verdict form which would allow the jury to make the specific findings required for these various state law claims. They failed to do so and should not be allowed to circumvent that failure here. *See Brown v. Whole Foods Mkt. Grp., Inc.*, No. 3:20-cv-00401-MOC-DCK, 2022 U.S. Dist. LEXIS 124432, at *9 n.2 (W.D.N.C. July 13, 2022) (noting that when a Plaintiff did not object to a verdict sheet when the verdict was announced, he "cannot complain the jury was confused about how to apply the law when he has not challenged the instructions the jury received.")

## IV. Conclusion

For the reasons stated herein, the relief sought in the Plaintiff's Post Trial Brief In Support of Liquidated Damages, Penalties, Interest and Attorney's Fees should be denied, and this Court should enter judgment only as to those amounts the jury actually awarded for each respective state class as set forth in the Phase One Verdict (ECF No. 327).

Respectfully submitted this 28th day of April, 2023.

TAYLOR ENGLISH DUMA LLP

/s/ Nathan A. White
Nathan A. White (NC State Bar #48684)
13925 Ballantyne Corporate Place, Suite 200
Charlotte, North Carolina 28277
Tel: (704) 440-1275
Fax: (770) 434-7376
Email: nwhite@taylorenglish.com

*Counsel for Defendants The Computer Haus NC, Inc., Troy Curran, Ocean Tech, Inc., Zephyr Investments, Inc., TS Leasing, LLC, Green Vault, Inc., Curran Ranch, LLC Northern Passage, Inc., Salish Sea, LLC, Curran Holdings, LLC, Brandy Curran, Amber Curran and Ocean Dance*