UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION No. 1:20-CV-0033-MOC

SHAILESH JAHAGIRDAR, et. al,

    Plaintiffs,

v.

THE COMPUTER HAUS, INC., et al.,

    Defendants.

**PLAINTIFFS' PROPOSED FINAL JUDGMENT**

    The above-entitled action came on regularly for trial on February 21, 2023 in Courtroom 1. Plaintiffs Shailesh Jahagirdar, Allen Allen, Jordan Blais, Connor Johnson, Rakia Green, Andrew Free, and Kamri Norris appeared by their attorney of record, L. Michelle Gessner of GessnerLaw, PLLC. Defendants The Computer Haus NC, Inc., Troy Curran, Ocean Tech, Inc., Zephyr Investments, Inc., TS Leasing, LLC, Green Vault, Inc., Curran Ranch, Northern Passage, Salish Sea, LLC, and Curran Holdings, LLC appeared through their attorney of record, Nathan Adam White of Tylor English Duma. Defendants Mark Curran and Curran Brothers, LLC appeared through their attorney Benjamin Paul Fryer of Ford & Harrison LLP.

    In Phase One, Counts I through XXI were tried to the jury. In Phase Two, Count XXVII and issues of alter ego, successor liability and partner liability were tried to the Court. The Court previously severed Plaintiff Jahagirdar's individual claims, Counts XXII - XXVI, and issued a stay as to those claims. A separate scheduling Order will be issued regarding Plaintiff Jahagirdar's remaining individual claims.

    For Phase One, a jury of eight (8) persons were impaneled and sworn. Witnesses were sworn and examined. The jury heard the evidence, the arguments of counsel and the instructions of the Court. The jury was provided with a verdict form and answered the questions on the

verdict form as indicated on Exhibit A entered at ECF No. 327 on March 1, 2023. The jury awarded Plaintiffs back pay totaling $**409,803.35.** The jury also found that Plaintiffs in North Carolina, South Carolina, Oregon and Washington who worked from February 1, 2020 to March 15, 2020 were not paid on time and that the Plaintiffs from Oregon were not compensated for meal breaks.

After the jury rendered its verdict, the Court commenced a bench trial for Phase Two on the issues of successor liability, partnership liability, alter ego and Count XXVII of Plaintiffs' Complaint. After Plaintiffs presented their evidence and rested, Defendants moved for a directed verdict. The Court granted the directed verdict of Mark Curran and Curran Brothers and denied the directed verdict as to the remaining Defendants, finding that Plaintiffs proved by a preponderance of the evidence that the following relationships exist:

| **DEFENDANT #1** | **RELATIONSHIP** | **DEFENDANT #2** |
|---|---|---|
| Ocean Tech, Inc. | Successor-in-Interest | The Computer Haus, Inc. |
| Zephyr Investments, Inc. | Alter Ego | Troy Curran |
| TS Leasing, LLC | Alter Ego | Troy Curran |
| Green Vault, Inc. | Alter Ego | Troy Curran |
| Curran Ranch | Alter Ego | Troy Curran |
| Northern Passage, Inc. | Alter Ego | Troy Curran |
| Salish Sea, LLC | Alter Ego | Troy Curran |
| Curran Holdings, LLC | Alter Ego | Troy Curran |
| Ocean Dance | Alter Ego | Troy Curran |
| Ocean Tech, Inc. | Alter Ego | Troy Curran |
| Amber Curran | Partner | Troy Curran |
| Brandy Curran | Partner | Troy Curran |

After the bench trial concluded, the parties engaged in post-trial briefing on the issue of liquidated damages and penalties. The Court found that Defendants ComputerHaus and Troy Curran did not meet their burden of showing that they acted in good faith and/or had reasonable grounds for believing that their acts or omissions were not a violation of the applicable law. Therefore, the award of liquidated damages is mandatory.

Accordingly, Plaintiffs are entitled to an award of back pay and liquidated damages as follows:

| STATE | BACK PAY | LIQUIDATED DAMAGES | LATE PAY PENALTIES[1] | MEAL BREAK PENALTIES | TOTAL |
|---|---|---|---|---|---|
| North Carolina | $139,515.99 | $139,515.99 | $18,922.59 | | **$297,954.57** |
| South Carolina | $13,621.39 | $27,242.78 | $15,207.67 | | **$56,071.84** |
| Oregon | $64,470.16 | $64,470.16 | $26,040.00 | $39,520.37[2] | **$194,500.69** |
| Colorado | $6,988.55 | $6,988.55 | $0.00 | | **$13,977.10** |
| Washington | $185,207.26 | $185,207.26 | $24,025.88 | | **$394,440.40** |
| **TOTAL** | **$409,803.35** | **$423,424.74** | **$84,196.14** | **$39,520.37** | **$956,944.60** |

As such, Defendants The Computer Haus NC, Inc., Troy Curran, Ocean Tech, Inc., Zephyr Investments, Inc., TS Leasing, LLC, Green Vault, Inc., Curran Ranch, Northern Passage, Salish Sea, LLC, and Curran Holdings, LLC (collectively "Defendant Judgment Debtors") are

---

[1] Since the jury found that Class Members from North Carolina, South Carolina, Oregon and Washington who worked from February 1, 2020 to March 15, 2020 were not paid on time, each affected Class Member is entitled to a separate award of penalties under their respective state statute as set forth in Exhibit B.

[2] The jury further found that Oregon Class Members were not paid for meal breaks. The Court finds that there were 5,183 shifts between March 14, 2017 and March 16, 2020 with an average hourly rate of pay of $15.23. The Oregon Class Members are thus entitled to an additional **$39,520.37** for missed meal breaks.

jointly and severally liable to Plaintiffs for the judgment in the amount of **$956,944.60**.

On Count XXVII, the Court found that the Defendant Judgment Debtors fraudulently conveyed the following assets between and among themselves after this action was filed:

| |
|---|
| Apple Contract |
| Building located at 2551 Roeder Avenue, Bellingham WA |
| 3635 Haxton Way, Bellingham WA or proceeds therefrom |
| Proceeds from ComputerHaus' PPP loan |
| Typhoon Marine Vessel |
| Cash transferred to Grand Cayman to register Typhoon |
| Cash transferred out of CityMac/Ocean Tech bank accounts |

Plaintiffs are thus entitled to the following injunctive relief against the Defendant Judgment Debtors to remain in force and effect until the judgment in this matter is paid in full:

1. Defendants Judgment Debtors' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Judgment, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:
    a. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of, any of the real or personal property;
    b. Using, drawing upon, transferring or disposing of, any line of credit or other funding source secured by any real or personal property;

c. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of, any funds or proceeds received directly or indirectly from any real or personal property.

2. Writs of Attachment on any Defendant Judgment Debtors' real property shall issue immediately;

3. Writs of Garnishment against Defendants Troy Curran, Amber Curran and Brandy Curran shall issue immediately;

4. Writs of Execution against any Judgment Debtors' personal property shall issue immediately;

5. Appointment of a general receiver (to be determined) to take possession and control over Ocean Tech, Inc.'s business and assets, including, without limitation, all of the business affairs, business operations, intellectual property, furniture, fixtures and equipment, real property, personal property, any and all other bank accounts, credit card accounts, accounts receivable, insurance accounts and/or proceeds, and/or any and all other assets used in the operation Ocean Tech, Inc.

**IT IS SO ORDERED** this \_\_\_\_\_ day of May 2023.

_____
The Honorable Max O. Cogburn
United States District Judge