UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-33-MOC

| | |
|---|---|
| **SHAILESH JAHAGIRDAR, et al.,** | ) |
| Plaintiffs, | ) |
| Vs. | ) ORDER |
| **THE COMPUTER HAUS, INC., et al.,** | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiffs' post-trial brief in support of liquidated damages, penalties, and interest to be awarded by the Court in its final order on this matter. (Doc. No. 330). Defendants have responded in opposition to the awarding of liquidated damages, penalties, and interest. (Doc. No. 331). This issue is ripe for review because Plaintiff's post-trial brief thoroughly articulates their position on the matter of liquidated damages, penalties, and interest, and Defendants were given the opportunity to respond with their own opposing position on these matters.

I. BACKGROUND

This matter came before the Court for trial on February 21, 2023. As part of the trial, a jury of eight (8) persons were impaneled and sworn. Witnesses were sworn and examined. The jury heard the evidence, the counsels' arguments, and the Court's instructions. The jury was provided with a verdict form and answered the questions on the verdict form. (Doc. No. 327). The jury determined that Defendant Troy Curran, as an employer, violated the FLSA, and additionally found that Plaintiffs in North Carolina, South Carolina, Washington, and Oregon who worked from February 1, 2020, to March 15, 2020, were not paid on time. (Id.). Lastly, the

1

jury found that the Plaintiffs from Oregon were not compensated for meal breaks. (Id.). The jury awarded Plaintiffs back pay totaling $409,803.35. Plaintiffs now request this Court to determine the appropriate liquidated damages, penalties, and interest to be awarded to plaintiffs as a result of the jury's verdict.

## II. DISCUSSION

The instant case is a class action lawsuit. Plaintiffs' class members hailed from various states with various laws governing liquidated damages, penalties, and interest. Plaintiffs have been grouped into subclasses by state, and Plaintiffs have requested that liquidated damages, penalties, and interest be awarded to each subclass in accordance with their state's law. This Court will assess the appropriate award for each subclass in turn.

### a. North Carolina Class

North Carolina Class Plaintiffs seek liquidated damages for (1) unpaid wages and (2) unpaid final wages for North Carolina Class Members working in March of 2020. (Doc. No. 330 at 1, 3). The relevant North Carolina statute covering liquidated damages for unpaid wages is the North Carolina Wage and Hour Act (NCWHA). N.C. GEN. STAT. § 95-25.22. The NCWHA stipulates:

> (a) Any employer who violates the provisions of G.S. 95-25.3 (Minimum Wage), G.S. 95-25.4 (Overtime), or G.S. 95-25.6 through 95-25.12 (Wage Payment) shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, their unpaid overtime compensation, or their unpaid amounts due under G.S. 95-25.6 through 95-25.12, as the case may be, plus interest at the legal rate set forth in G.S. 24-1, from the date each amount first came due.
>
> (a1) In addition to the amounts awarded pursuant to subsection (a) of this section, the court shall award liquidated damages in an amount equal to the amount found to be due as provided in subsection (a) of this section, provided that if the employer shows to the satisfaction of the court that the act or omission constituting the violation was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this Article, the court may, in its discretion, award no liquidated

>damages or may award any amount of liquidated damages not exceeding the amount found due as provided in subsection (a) of this section.

Id. Accordingly, pursuant to the NCWHA, the court shall award liquidated damages unless the employer meets its burden of showing that its violations were "in good faith" and that it had "reasonable grounds for believing [that its actions were lawful]." N.C. GEN. STAT. § 95-25.22(a), (a1); see, e.g., Morris v. Scenera Research, LLC, 368 N.C. 857, 864 (2016). If the employer cannot meet its burden, the statute directs the court to grant damages in an amount equal to the unpaid wages owed.

Here, Defendants have failed to meet their burden of showing their violations were in good faith and reasonable. First, Defendants made no argument at trial that their violations of the NCWHA were in good faith and reasonable. Instead, Defendants argued at trial that they committed no violations at all. However, a jury determined that Defendants did commit these violations. Based on the evidence and testimony presented at trial, this Court finds that Defendants have failed to show their actions were in good faith and reasonable. Consequently, The North Carolina Class is entitled to liquidated damages in the amount equal to the total unpaid wages owed, $139,515.99, and when added with the jury award of $139,515.99, the total damages for the North Carolina Class is $279,031.98.

Plaintiffs also seek unpaid final wages for North Carolina Class Members working in March of 2020. The jury did not award the North Carolina Class any damages for unpaid final wages. While the jury determined the North Carolina Class was paid late in violation of the NCWHA, the jury awarded $0 in damages for these unpaid final wages, seemingly believing Defendant Tory Curran's testimony that he eventually paid employees in full. Because, pursuant to the NCWHA, liquidated damages will be equal to the "amount found to be due as provided in

subsection (a) of this section", and the amount in subsection (a) for unpaid final wages was determined to be $0, the North Carolina Class is entitled to $0 in liquidated damages for unpaid final wages. N.C. GEN. STAT. § 95-25.22(a1).

Lastly, Plaintiffs seek interest on their liquidated damages. The NCWHA provides that interest may be awarded on the amounts due – i.e., subsection (a). However, liquidated damages are not part of the "amounts due" under subsection (a). Liquidated damages are instead covered by subsection (a1), which does not provide for interest on liquidated damages. In other words, "while the NCWHA states that interest may be recovered on the unpaid wages, it does not provide that interest is payable on liquidated damages." Hamilton v. Memorex Telex Corp., 118 N.C. App. 1, 16, 454 S.E.2d 278, 286 (1995). Therefore, liquidated damages are not to be subject to interest.

### b. South Carolina Class

South Carolina Class Plaintiffs similarly seek liquidated damages for (1) unpaid wages and (2) unpaid final wages for South Carolina Class Members working in March of 2020. (Doc. No. 330 at 5, 6). The pertinent statute, S.C. CODE ANN. § 41-10-80 provides:

> (c) In case of any failure to pay wages due to an employee as required by Section 41-10-40 or 41-10-50 the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow. Any civil action for the recovery of wages must be commenced within three years after the wages become due.

South Carolina Class Plaintiffs request treble damages for unpaid wages. As noted by the statute's text, the treble damages provisions of S.C. CODE ANN. § 41-10-80(c) are not mandatory. Instead, under South Carolina law, the award of treble damages, is a matter of discretion for the trial court, and it is generally considered inappropriate in circumstances where there is a bona fide wage dispute. See, e.g., Wall v. Fruehauf Trailer Servs., Inc., 123 F. App'x 572, 580 (4th

4

Cir. 2005) (applying South Carolina law); O'Neal v. Intermedical Hosp. of South Carolina, 355 S.C. 499, 585 S.E.2d 526 (2003). A trial court may award treble damages, even absent any specific finding of bad faith or willfulness, when the trial court addresses the question of whether a good faith dispute existed over payment of the plaintiff's wages and determines that no good faith dispute existed. Wall, 123 F. App'x at 580 ("Although South Carolina law requires that there be no good faith dispute concerning the wages due in order for treble damages to be awarded under § 41–10–80(C), the decision is in the complete discretion of the trial court and no specific finding of bad faith or willfulness is required.") (citing Rice v. Multimedia, Inc., 318 S.C. 95, 456 S.E.2d 381 (S.C. 1995)).

Here, based on all the evidence presented, there was no good faith dispute concerning the wages due to Plaintiffs. The Defendant willfully withheld wages due to Plaintiffs. Therefore, exercising its discretion, this court determines that treble damages are appropriate. Because the jury awarded $13,621.39 for unpaid wages and commissions, the South Carolina Class is entitled to liquidated damages in the amount of $27,242.78. Total damages for the South Carolina Class is $40,864.17 ($13,621.39 jury award + $27,242.78 in liquidated damages).

Plaintiffs once again seek liquidated damages for unpaid final wages for South Carolina Class Members working in March of 2020. The jury did not award the South Carolina Class any damages for unpaid final wages. Because the liquidated damages awarded under S.C. CODE ANN. § 41-10-80(c) are "equal to three times the full amount of the unpaid wages", and the jury determined the amount of unpaid final wages was $0, the South Carolina class is entitled to $0 in liquidated damages for unpaid final wages.

Lastly, interest will be awarded on Plaintiff's treble damages. "In South Carolina, the law allows prejudgment interest on obligations to pay money from the time when, either by

5

agreement of the parties or operation of law, payment is demandable, if the sum due is certain or capable of being reduced to a certainty." GTR Rental, LLC v. DalCanton, 547 F. Supp. 2d 510, 524 (D.S.C. 2008), judgment entered (Mar. 27, 2008). The fact that the sum due is disputed "does not render the claim unliquidated for the purposes of an award of prejudgment interest." Id. Here the sum is certain or capable of being reduced to certainty based on a mathematical calculation of the wages owed to the South Carolina Class and interest on treble damages is appropriate.

### c. Washington Class

Washington Class Plaintiffs seek liquidated damages for (1) unpaid wages and (2) unpaid final wages for Washington Class Members working in March of 2020. (Doc. No. 330 at 7). WASH. REV. CODE ANN. § 49.52.070 (West), which covers liquidated damages for unpaid wages, provides:

> Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

In other words, that statute allows an employer to be held civilly liable for double damages when the employer willfully fails to pay wages. See, e.g., Allstot v. Edwards, 114 Wash. App. 625, 633, 60 P.3d 601, 604 (2002). Here, the jury determined that willful deprivation of wages is exactly what occurred. Furthermore, Plaintiffs' evidence sufficiently established that Washington Class Members did not knowingly submit to such violations. Therefore, the Washington Class is entitled to liquidated damages for unpaid wages in an amount equal to the amount the jury found to be due for both wages and commissions, which is $185,207.26 ($107,355.54 wages +

6

$77,851.72 commissions). The liquidated damages are $185,207.26, and when added with the jury award of $185,207.26, the total damages for the Washington Class is $370,414.52.

The Washington Class seeks liquidated damages for unpaid final wages under WASH. REV. CODE ANN. § 49.48.010 (West). While that statute clearly states it is unlawful for an employer to withhold or defer any portion of an employee's wages, the statute does not provide for liquidated damages, or treble damages – as Washington Class Plaintiffs have requested. Moreover, the jury awarded $0 in damages to the Washington Class for unpaid final wages. Therefore, the Washington class is not entitled to liquidated or treble damages for unpaid final wages.

Under WASH. REV. CODE ANN. § 19.52.020 (West), Plaintiffs are also entitled to pre- and post-judgment interest at a rate that does not exceed:

> "the higher of: (a) Twelve percent per annum; or (b) four percentage points above the equivalent coupon issue yield (as published by the Board of Governors of the Federal Reserve System) of the average bill rate for twenty-six week treasury bills as determined at the first bill market auction conducted during the calendar month immediately preceding the later of (i) the establishment of the interest rate by written agreement of the parties to the contract, or (ii) any adjustment in the interest rate in the case of a written agreement permitting an adjustment in the interest rate."

Accordingly, this Court will award interest calculated at a rate of four (4) percentage points above the equivalent coupon issue yield, as stipulated by the statute.

### d. Colorado Class

Colorado Class Plaintiffs seek liquidated damages for unpaid wages. (Doc. No. 330 at 9). The relevant statute is COLO. REV. STAT. ANN. § 8-4-109(3)(b). An amended version of Section § 8-4-109(3)(b) became effective on January 1, 2023. However, Defendants' conduct relevant to the Colorado store occurred before the amendment. Therefore, this Court applies the previous version of Section § 8-4-109(3)(b) which states:

> If an employee's earned, vested, and determinable wages or compensation is not paid within fourteen days after the written demand is sent in the manner set forth in paragraph (d) of this subsection (3), the employer shall be liable to the employee for the wages or compensation, and a penalty of the sum of the following amounts of wages or compensation due or, if greater, the employee's average daily earnings for each day, not to exceed ten days, until such payment or other settlement satisfactory to the employee is made:
>
> (I) One hundred twenty-five percent of that amount of such wages or compensation up to and including seven thousand five hundred dollars; and
> (II) Fifty percent of that amount of such wages or compensation that exceed seven thousand five hundred dollars

Here, the employer failed to pay wages or compensation within fourteen days after this civil action for the wages or compensation was served on the employer. Therefore, Defendants are liable to the Colorado Class for the amount of the earned, vested, determinable, and unpaid wages or compensation plus an automatic penalty. COLO. REV. STAT. ANN. § 8-4-109(3)(d)(II) (2015). Accordingly, the Colorado Class is entitled to liquidated damages in an amount equal to one hundred twenty-five (125) percent of the amount the jury found to be due for both wages and commissions, which is $8,735.68 (125% of $6988.55). Additionally, if Plaintiffs show, as they have done here, that Defendants failure to pay was willful, the penalty "shall increase by fifty percent." COLO. REV. STAT. ANN. § 8-4-109(3)(c) (2015). Therefore, the liquidated damages are $13,103.52 (150% of $8,735.68), and when added to the jury award of $6988.55, the total damages for the Colorado Class is $20,092.07. Under COLO. REV. STAT. ANN. § 5-12-102(1)(b) (West), Plaintiffs are also entitled to pre- and post-judgment interest at a rate of 8% per annum from the date the wages first became due.

### e. Oregon Class

Oregon Class Plaintiffs seek: (1) liquidated damages for unpaid wages; (2) penalties for

8

Case 1:20-cv-00033-MOC-WCM   Document 335   Filed 07/14/23   Page 8 of 10

failing to timely pay final wages to Oregon Class Plaintiffs upon termination; and (3) penalties for failing to provide meal breaks. (Doc. No. 330 at 10–12).

Oregon employees with wage claims filed under the Fair Labor Standards Act (FLSA) and Oregon statutes can collect liquidated damages under federal law. See, e.g., Mathis v. Hous. Auth. of Umatilla Cnty., 242 F. Supp. 2d 777, 790 (D. Or. 2002). The FLSA provides for an award of liquidated damages equal to the amount of compensation for unpaid wages. See 29 U.S.C. § 216(b); See also Calderon v. GEICO Gen. Ins. Co., 809 F.3d 111, 132 (4th Cir. 2015). Therefore, the Oregon Class is entitled to liquidated damages in an amount equal to the amount the jury found to be due for both wages and commissions, which is $64,470.16 ($41,783.20 wages + $22,686.96 commissions). Accordingly, the liquidated damages are $64,470.16, and when added to the jury award of $64,470.16, the total damages for the Oregon Class is $128,940.32.

The Oregon Class seeks, as well, penalties for failing to timely pay final wages and failing to provide meal breaks. However, because the jury awarded $0 in damages for failing to timely pay final wages to Oregon class members and $0 in damages for failing to provide Oregon class members with meal breaks, this Court will not award penalties.

Lastly, pursuant to OR. REV. STAT. ANN. § 82.010 (West), Plaintiffs seek pre- and post-judgment interest at a rate of 9% per annum from the date the wages first became due. Because liquidated damages are awarded under the FLSA, "then prejudgment interest must be offset from the liquidated damages to avoid a double recovery." Mathis v. Hous. Auth. of Umatilla Cnty., 242 F. Supp. 2d 777, 789 (D. Or. 2002). Therefore, interest will be granted, but prejudgment interest will be offset from the liquidated damages.

### III. CONCLUSION

For the reasons stated herein, liquidated damages, penalties, and interest shall be awarded, in accordance with this Order, by the Court in its final order on this matter.

**IT IS, THEREFORE, ORDERED** that:

Liquidated damages, penalties, and interest shall be awarded, in accordance with this Order, by the Court in its final order on this matter.

Signed: July 14, 2023

Max O. Cogburn Jr
United States District Judge