IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-33-MOC-WCM

| | |
|---|---|
| SHAILESH JAHAGIRDAR, ALLEN ALLEN, KAMRI NORRIS, JORDAN BLAIS, CONNOR JOHNSON, RAKIA GREEN, and ANDREW FREE, *on behalf of themselves and all others similarly situated,*<br><br>        Plaintiffs,<br><br>v.<br><br>THE COMPUTER HAUS NC, INC. *doing business as* CityMac, TROY CURRAN, OCEAN TECH, INC., *doing business as* CityMac, ZEPHYR INVESTMENTS, INC., *a Washington Corporation*, TS LEASING, LLC, *a Washington limited liability company*, GREEN VAULT, INC., *a Washington Corporation*, CURRAN RANCH, LLC, NORTHERN PASSAGE, INC., SALISH SEA, LLC, CURRAN HOLDINGS, LLC, *a Delaware Corporation,* MARK CURRAN, CURRAN BROTHERS, LLC, *a Michigan Corporation*, BRANDY CURRAN, AMBER CURRAN, OCEAN DANCE, *a Cayman Islands foreign registered entity*<br><br>        Defendants. | ORDER |

This matter is before the Court on "Plaintiffs' Motion to Vacate November 21, 2023 Filing Deadline for Plaintiffs' Motion for Attorneys' Fees

1

in Light of Defendants' Rule 59 Motion" (the "Motion to Vacate," Doc. 339).

I. Background

On October 20, 2023, the Court entered a Final Judgment in this matter. Doc. 336.

On November 2, 2023, Plaintiffs filed a motion requesting an extension of time, through and including November 21, 2023, to file a motion for attorneys' fees. Doc. 337. That request was granted by text-only Order the following day.

On November 17, 2023, Defendants filed a "Motion to Reconsider Final Judgment and Request for More Definite Findings of Fact and Conclusions of Law" pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure (the "Motion for Reconsideration," Doc. 338).

II. Discussion

In the Motion to Vacate, Plaintiffs contend that any request for attorneys' fees would be premature if made at this time and, therefore, that the previous Order that established a November 21 deadline for them to file a motion for attorneys' fees should be vacated. Doc. 339 at 2. Plaintiffs assert that any motion seeking attorneys' fees should be filed "in due course after Defendants' Motion for Reconsideration is adjudicated and a judgment is final pursuant to Rule 54(d)." Id.

The Motion to Vacate reports that defense counsel advised that

2

Defendants oppose the Motion. Id. at 4. However, Defendants have filed no response in opposition to the Motion to Vacate, and the time for doing so has expired.

The undersigned agrees that a motion seeking attorneys' fees would be premature at this juncture. However, it is not necessary to vacate the previous Order that extended Plaintiffs' deadline.

Accordingly, to the extent the Motion to Vacate requests that the Court's prior Order which set Plaintiffs' deadline for the filing of a motion for attorneys' fees as November 21, 2023 be vacated, it is **DENIED.**

To the extent the Motion to Vacate requests that the Court confirm that Plaintiffs' deadline for the filing of a motion for attorneys' fees has been extended by the filing of Defendants' Motion for Reconsideration, it is **GRANTED.** In that regard, any motion for attorneys' fees shall be filed in the ordinary course and within the time frames set forth in the Federal Rules of Civil Procedure and this Court's local civil rules.

It is so ordered.

Signed: December 5, 2023

W. Carleton Metcalf
United States Magistrate Judge