UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-33-MOC-WCM

| | |
|---|---|
| **SHAILESH JAHAGIRDAR, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| **THE COMPUTER HAUS NC, INC.,** ) | |
| d/b/a CITYMAC, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Reconsider Final Judgment, pursuant to FED. R. CIV. P. 52(a) and FED. R. CIV. P. 59(e). (Doc. No. 338). Plaintiffs oppose the motion. (Doc. No. 340). For the following reasons, Defendants' motion is **DENIED**.

## I. BACKGROUND AND DISCUSSION

On October 20, 2023, the Court entered Final Judgment in this matter following a bench trial on the issue of alter ego liability by various Defendants.[1] Defendants argue that the Final Judgment is defective because it lacks findings of fact and conclusions of law, as required by Rule 52. Defendants also contend that the Final Judgment is not final because Plaintiff Jahagirdar's individual claims, while severed, are still pending.

In the Fourth Circuit, a district court may only grant a Rule 59(e) motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . .; or (3) to correct a clear error of law or prevent manifest injustice." Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020). A Rule 59(e) motion for reconsideration may not be used to

---

[1] The parties are well-versed in the underlying procedural and factual history of this case, so the Court does not repeat it here.

1

"reargue[] the facts and law originally argued in the parties' briefs." United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Kirby v. General Elec. Co., 210 F.R.D. 180, 194 (W.D.N.C. 2000) (quoting Pac Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations omitted)).

While Defendants do not specifically state the basis for their Rule 59(e) motion, it is presumably to correct a clear error of law or prevent manifest injustice. However, there was no clear error of law, nor does the Final Judgment as issued create any manifest injustice. First, the Final Judgment complies with Rule 52(a)(1), which states that

> [i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.

FED. R. CIV. P. 52(a)(1) (emphasis added). See also O'Neal v. Gresham, 519 F.2d 803, 805–06 (4th Cir. 1975); Steuben Trust Co. v. Forshee, No. 2:07cv9, 2007 WL 9718369, at *2 (S.D. W. Va. Sept. 24, 2007) (noting that the findings of fact and conclusions of law may be stated orally and recorded in open court). Rule 52(a) exacts "neither punctilious detail nor slavish tracing of the claims issue by issue and witness by witness." Ratliff v. Governor's Highway Safety Program, 791 F.2d 394, 400 (5th Cir. 1986). Here, during the bench trial, the Court made ample findings of fact on the record and explained its conclusion of law, specifically at Defendants' request. See (Trial Transcript, Mar. 3, 2023, at 165–77, attached as Pl. Ex. A). The Court went through each entity alleged to have been an alter ego of Defendant Troy Curran, and the Court made findings as to why it was imposing alter ego liability against those entities.

Second, the Final Judgment is appropriate because the Court severed Plaintiff

Jahagirdar's individual claims; it did not bifurcate those claims. Under Rule 21, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Although Rule 21 is typically invoked to sever improperly joined parties, it may also be used to sever claims from each other so the parties and the court may proceed with them separately. See RAI Strategic Holdings, Inc. v. Altria Client Servs., LLC, No. 1:20-cv-393-LO, 2020 WL 6882646, at *2 (E.D. Va. Sept. 3, 2020) (citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1689 (3d ed. 2021)).

However, there is a "fundamental distinction[]" between severing claims into separate actions and ordering separate trials for different claims or issues. 4 James Wm. Moore, Moore's Federal Practice § 21.06[1] (2021). Severing claims under Rule 21 results in separate actions, each giving rise to separate final judgments from which separate appeals may be taken. See id. Thus, unlike claims that are bifurcated under FED. R. CIV. P. 42(b), determinations of claims that are severed pursuant to Rule 21 are final and appealable without need for certification under Rule 54(b). Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 354 (E.D. Pa. 2000).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider Final Judgment, pursuant to FED. R. CIV. P. 52(a) and FED. R. CIV. P. 59(e) (Doc. No. 338) is **DENIED**. The Court notes, however, that it plans to schedule a status conference on the remaining individual claims by Plaintiff Jahagirdar that have been severed from the FLSA claims.

Signed: December 6, 2023

Max O. Cogburn Jr
United States District Judge

3