UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-33-MOC

| | |
|---|---|
| **SHAILESH JAHAGIRDAR, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | **AMENDED FINAL JUDGMENT** |
| ) | **AND ORDER** |
| ) | |
| ) | |
| **THE COMPUTER HAUS, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Entry of Judgment. (Doc. No. 352). In response to Plaintiff's motion, the Court issues this Amended Final Judgment.

I.     **BACKGROUND, FINDINGS OF FACT, AND CONCLUSIONS OF LAW**

**A. Plaintiffs' Claims**

In this action, Plaintiffs sued Defendants for unpaid wages, among other things. Plaintiffs brought various claims, including claims under the federal Fair Labor Standards Act and various states' wage and hour laws. Named Plaintiff Jahagirdar brought additional individual claims separate and apart from the class claims. Before trial began in this matter, the Court announced that it would sever and stay Jahagirdar's individual claims pending resolution of the class claims. See (Doc. No. 354 at 2) (Transcript of hearing held on February 16, 2023)).

Through variation iterations of the Complaint, Plaintiffs named numerous Defendants and have alleged that various Defendants are liable under alter ego theories. Plaintiffs also accused various Defendants of fraudulent money transfers to avoid paying damages.

1

On Defendants' motion, the Court bifurcated the trial into two phases. In Phase One, the jury made determinations regarding the "employer liability" issues, meaning liability for the Employer Defendants under federal law, or any applicable state laws, for wage and hour issues. In Phase Two, the Court held a bench trial to adjudicate the "alter ego liability" issues.

B.    **Trial and Jury Verdict under Phase One**

Phase One of the trial began on February 21, 2023. Plaintiffs Shailesh Jahagirdar, Allen Allen, Jordan Blais, Connor Johnson, Rakia Green, Andrew Free, and Kamri Norris appeared by their attorney of record, L. Michelle Gessner of GessnerLaw, PLLC. Defendants The Computer Haus NC, Inc.; Troy Curran; Ocean Tech, Inc.; Zephyr Investments, Inc.; TS Leasing, LLC; Green Vault, Inc.; Curran Ranch; Northern Passage; Salish Sea, LLC; and Curran Holdings, LLC appeared through their attorney of record, Nathan Adam White of Tylor English Duma. Defendants Mark Curran and Curran Brothers, LLC appeared through their attorney Benjamin Paul Fryer of Ford & Harrison LLP.

After Plaintiffs presented their evidence and rested, Defendants moved for a directed verdict. The Court granted the directed verdict of Mark Curran and Curran Brothers, LLC and denied the directed verdict as to the remaining Defendants.

On March 1, 2023, the jury determined that Defendant Troy Curran, as an employer, violated the FLSA, and additionally found that Plaintiffs in North Carolina, South Carolina, Washington, and Oregon who worked from February 1, 2020, to March 15, 2020, were not paid on time. Lastly, the jury found that the Plaintiffs from Oregon were not compensated for meal breaks. (Id.). The jury awarded Plaintiffs back pay totaling $409,803.35. **The jury verdict (Doc. No. 327) is approved under Fed. R. Civ. P. 49 and is incorporated into this Amended Final Judgment**.

**C.  Bench Trial under Phase Two on Successor Liability, Partnership Liability, and Alter Ego**

After the jury rendered its verdict, the Court commenced a bench trial for Phase Two on the issues of successor liability, partnership liability, alter ego and Count XXVII of Plaintiffs' Complaint. In an October 20, 2023 Order titled "Final Judgment," on October 20, 2023, the Court held that Plaintiffs proved by a preponderance of the evidence that the following relationships exist:

| DEFENDANT #1 | RELATIONSHIP | DEFENDANT #2 |
| --- | --- | --- |
| Ocean Tech, Inc. | Successor-in-Interest | The Computer Haus, Inc. |
| Zephyr Investments, Inc. | Alter Ego | Troy Curran |
| TS Leasing, LLC | Alter Ego | Troy Curran |
| Green Vault, Inc. | Alter Ego | Troy Curran |
| Curran Ranch | Alter Ego | Troy Curran |
| Northern Passage, Inc. | Alter Ego | Troy Curran |
| Salish Sea, LLC | Alter Ego | Troy Curran |
| Curran Holdings, LLC | Alter Ego | Troy Curran |
| Ocean Dance | Alter Ego | Troy Curran |
| Ocean Tech, Inc. | Alter Ego | Troy Curran |
| Amber Curran | Partner | Troy Curran |
| Brandy Curran | Partner | Troy Curran |

The Court further found that Defendants The Computer Haus NC, Inc.; Troy Curran; Ocean Tech, Inc.; Zephyr Investments, Inc.; TS Leasing, LLC; Green Vault, Inc.; Curran Ranch; Northern Passage; Salish Sea, LLC; and Curran Holdings, LLC (collectively "Defendant

3

Judgment Debtors") are jointly and severally liable to Plaintiffs for the judgment.

As to Count XXVII, the Court found that the Defendant Judgment Debtors fraudulently conveyed the following assets between and among themselves after this action was filed:

| |
|---|
| Apple Contract |
| Building located at 2551 Roeder Avenue, Bellingham WA |
| 3635 Haxton Way, Bellingham WA or proceeds therefrom |
| Proceeds from ComputerHaus' PPP loan |
| Typhoon Marine Vessel |
| Cash transferred to Grand Cayman to register Typhoon |
| Cash transferred out of CityMac/Ocean Tech bank accounts |

**The Court's findings on Phase Two (Doc. No. 336) are incorporated into this Amended Final Judgment**.

### D. Court's Subsequent Order on Liquidated Damages Amounts

Following the jury verdict and the Court's determination on alter ego liability, Plaintiffs requested this Court determine the appropriate liquidated damages, penalties, and interest to be awarded to plaintiffs according to the Phase One jury verdict. On July 14, 2023, the Court entered an Order setting out the liquidated damages, penalties, and interest to be awarded to plaintiffs. (Doc. No. 335). The Order dated July 14, 2023, states that "[l]iquidated damages, penalties, and interest shall be awarded, in accordance with this Order, by the Court in its final order on this matter." (Id. at 10). **That Order is incorporated into this Final Amended Judgment as summarized below**:

  a. **North Carolina Class**

The North Carolina Class is entitled to liquidated damages in the amount equal to the total unpaid wages owed, $139,515.99, and when added with the jury award of $139,515.99, the total damages for the North Carolina Class is $279,031.98. The North Carolina Class is entitled to $0 in liquidated damages for unpaid final wages. N.C. GEN. STAT. § 95-25.22(a1). The liquidated damages are not subject to interest.

b. **South Carolina Class**

The South Carolina Class is entitled to liquidated damages in the amount of $27,242.78. Total damages for the South Carolina Class are $40,864.17 ($13,621.39 jury award + $27,242.78 in liquidated damages). The South Carolina class is entitled to $0 in liquidated damages for unpaid final wages. Interest will be awarded on Plaintiff's treble damages.

c. **Washington Class**

The Washington Class is entitled to liquidated damages for unpaid wages in an amount equal to the amount the jury found to be due for both wages and commissions, which is $185,207.26 ($107,355.54 wages + $77,851.72 commissions). The liquidated damages are $185,207.26, and when added to the jury award of $185,207.26, the total damages for the Washington Class are $370,414.52. The Washington class is not entitled to liquidated or treble damages for unpaid final wages. Under WASH. REV. CODE ANN. § 19.52.020 (West), Plaintiffs are also entitled to pre- and post-judgment interest at a rate that does not exceed:

"the higher of: (a) Twelve percent per annum; or (b) four percentage points above the equivalent coupon issue yield (as published by the Board of Governors of the Federal Reserve System) of the average bill rate for twenty-six week treasury bills as determined at the first bill market auction conducted during the calendar month immediately preceding the later of (i) the establishment of the interest rate by written agreement of the parties to the contract, or (ii) any adjustment in the interest rate in the case of a written agreement permitting an adjustment in the interest rate."

Accordingly, this Court will award interest calculated at a rate of four (4) percentage points above the equivalent coupon issue yield, as stipulated by the statute.

d. **Colorado Class**

The Colorado Class is entitled to liquidated damages in an amount equal to one hundred twenty-five (125) percent of the amount the jury found to be due for both wages and commissions, which is $8,735.68 (125% of $6988.55). Additionally, because Plaintiffs showed that Defendants' failure to pay was

5

willful, the penalty "shall increase by fifty percent." COLO. REV. STAT. ANN. § 8-4-109(3)(c) (2015). Therefore, the liquidated damages are $13,103.52 (150% of $8,735.68), and when added to the jury award of $6988.55, the total damages for the Colorado Class are $20,092.07. Plaintiffs are also entitled to pre- and post-judgment interest at a rate of 8% per annum from the date the wages first became due.

 e. **Oregon Class**

The Oregon Class is entitled to liquidated damages in an amount equal to the amount the jury found to be due for both wages and commissions, which is $64,470.16 ($41,783.20 wages + $22,686.96 commissions). Accordingly, the liquidated damages are $64,470.16, and when added to the jury award of $64,470.16, the total damages for the Oregon Class are $128,940.32.
Because the jury awarded $0 in damages for failing to timely pay final wages to Oregon class members and $0 in damages for failing to provide Oregon class members with meal breaks, this Court will not award penalties. Lastly, pursuant to OR. REV. STAT. ANN. § 82.010 (West), Plaintiffs seek pre- and post-judgment interest at a rate of 9% per annum from the date the wages first became due. Interest is granted, but prejudgment interest will be offset from the liquidated damages.

(Doc. No. 335).

 E. **The Parties' Post-Judgment Motions and Plaintiffs' Pending Motion**

As noted, the Order titled "Final Judgment" was entered on October 20, 2023. On November 2, 2023, Plaintiffs filed a Motion for Extension of Time to File Attorney Fees. (Doc. No. 337). On November 3, 2023, the magistrate judge granted the motion for extension of time, granting Plaintiffs until November 21, 2023, to file a motion for attorney fees. (Text Order dated November 3, 2023). Plaintiff did not file the motion for attorney fees by the extended deadline.

On November 17, 2023, Defendants filed a Motion to Reconsider Final Judgment and Request for More Definite Findings of Fact and Conclusions of Law (the "Motion For Reconsideration"). (Doc. No. 338). Defendants argued that the Order of October 20, 2023, was not a final judgment because it did not contain findings of facts and conclusions of law under Fed. R. Civ. P. 52(a)(a) and because the separate claims brought by Plaintiff Jahagirdar had not

6

been disposed of. Plaintiffs opposed Defendants' motion, arguing that the Final Judgment was "appropriate" and enforceable as a final judgment. (Doc No. 340 at 2). Plaintiffs argued that, as to the Court's severance of Jahagirdar's individual claims, "[s]evering claims under Rule 21 results in separate actions, each giving rise to separate final judgments from which separate appeals may be taken." (Doc. No. 340 at 3).

On December 6, 2023, the Court entered an Order denying Defendants' Motion for Reconsideration. (Doc. No. 342). On January 5, 2024, Defendants filed their Notice of Appeal to the Fourth Circuit Court of Appeals. (Doc. No. 344). The action is now on appeal before the Fourth Circuit. See (4th Cir. No. 24-1046). On January 23, 2024, Plaintiffs filed a "Motion to Register Judgment, Pursuant to 28 U.S.C. § 1963," in which Plaintiffs represented that the Court had entered a final judgment for purposes of triggering the right to appeal. See (Doc. No. 349).

### E.     Plaintiffs' Pending Motion for "Final Judgment"

Now, in an about-face, and despite Plaintiffs' multiple contentions that the Court has in fact entered a final judgment, Plaintiffs contend the "Final Judgment" entered by the Court on October 20, 2023, is not a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. Plaintiffs argue, therefore, that their deadline to file a motion for attorney fees has not been triggered.[1] Defendants vigorously oppose the motion, arguing that Plaintiff's motion is merely an attempt to try and re-set the deadline for filing a motion for attorney's fees.

The U.S. Supreme Court held in 1883 that an order is "final" for purposes of appellate review if it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce what has been determined. See St. Louis Iron Mountain and Southern

---

[1] Fed. R. Civ. P. 54(2)(B)(i) requires that a motion for attorneys' fees be filed no later than fourteen (14) days after entry of judgment.

Railway Co. v. Southern Express Co., 108 U.S. 24, 28–29 (1883); accord Petrello v. White, 533 F.3d 110, 113 (2d Cir. 2008) (holding that, for the purposes of appealability, "[a] final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision").

This case was particularly complex, with issues of trial severance, bifurcation, liquidated damages, and issues of successor and alter ego liability. The trial was conducted in two phases. The Court was required to enter several Orders on these various matters. The Court intended for the Order entered on October 20, 2023, and titled "Final Judgment" to constitute the Final Judgment in this matter for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. When entering this Order, it was the Court's understanding that it had resolved all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision.

Regardless, it is now clear that the Court's October 20, 2023 order created some confusion as to whether a final judgment has been entered in this matter. Thus, the Court will allow Plaintiff to file its motion for attorney fees within 14 days of entry of this Order. The Court notes that Defendant has already filed a Notice of Appeal with the Fourth Circuit Court of Appeals. This final Order is not intended to trigger any new filing deadlines by the parties with the exception of Plaintiff's motion for attorney fees.

## **ORDER**

This order constitutes the Final Judgment in this matter for purposes of Federal Rules of Civil Procedure 54 and 58.

Plaintiffs' counsel may file their motion for attorney fees within 14 days of entry of this Order.

**IT IS SO ORDERED**.

Max O. Cogburn Jr
United States District Judge

9