UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-33-MOC

| | | |
|---|---|---|
| **SHAILESH JAHAGIRDAR, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| **THE COMPUTER HAUS, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Set Aside Judgment, filed pursuant to FED. R. CIV. P. 60. (Doc. No. 343).

The Court held a hearing on the motion on March 18, 2024. At the hearing, the Court stated in open court that the motion would be denied. This Order is intended to memorialize the Court's ruling in open court.

Under Rule 60(b)(3), a party may be relieved from an adverse judgment by the court because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). The moving party must establish three factors to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994) (citing Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981)).

Defendants have not shown that they meet the required elements for a Rule 60(b)(3)

1

motion. To the extent the Court excluded related admissible evidence during trial, it cannot be reached by a Rule 60(b)(3) motion, and the time to challenge the ruling under Rule 59 has passed. Moreover, the Court made no error in sua sponte precluding Defendants from impeaching the credibility of Lead Plaintiff Jahagirdar or in excluding any references during the trial to Jahagirdar's pending criminal charges.

Defendants' Motion to Set Aside Judgment, (Doc. No. 343), is **DENIED**.

Max O. Cogburn Jr
United States District Judge