UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00033-MOC-WCM

| | |
|---|---|
| **SHAILESH JAHAGIRDAR, et al.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| Vs. ) | |
| ) | |
| **THE COMPUTER HAUS, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Directed Verdict, or in the Alternative, for New Trial and Reconsideration. (Doc. No. 378). Plaintiffs responded in opposition and filed a Motion to Permit Registration of Judgment. (Doc. No. 382; Doc. No. 383). Having considered the motions and reviewed the pleadings, the Court enters the following Order.

I.  **Background**

The parties are well-versed in the underlying facts of this case. Relevant to the pending motion, Defendants seek a directed verdict, claiming that Plaintiffs "did not provide sufficient evidence to support a finding of liability by a reasonable jury." In the alternative, Defendants move for a new trial on two grounds: (1) that the Court improperly admitted Dr. Brian Kriegler's testimony under FRE 1006, and (2) that the Court improperly admitted testimony which amounted to a collateral attack on the 2020 Washington State receivership order. Lastly, Defendants seek reconsideration of this Court's Amended Final Judgment (Doc. No. 369) and denial of their Rule 54 and Rule 60(b) motions. (Doc. No. 370). Plaintiffs filed a response in opposition to Defendants' motion and subsequently moved the Court to permit registration of the judgment pursuant to 26 U.S.C. § 1963. (Doc No. 383; Doc No. 384).

1

## II. Legal Standard

### A. Defendants' Motion for Directed Verdict, or in the Alternative, for New Trial and Reconsideration

Rule 50(a) permits a party to move for a directed verdict before the case is submitted to the jury. If the Court denies a motion made under Rule 50(a), Rule 50(b) allows the party to renew its motion for directed verdict after a jury verdicst has been returned, Belk, Inc. v. Meyer Corp., 679 F.3d 146, 156 (4th Cir. 2012), and in that motion "include an alternative or joint request for a new trial under Rule 59." FED. R. CIV. P. 50(b).

Considering a renewed Rule 50 motion, the Court must "review the record as a whole" and "draw all reasonable inferences in favor of the nonmoving party," though the Court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150–51 (2000); see also Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 279 (4th Cir. 1999). "[O]nce a jury has evaluated witness credibility, weighed evidence, and reached a verdict, a litigant seeking to overturn that verdict faces a steep hurdle." Westmoreland v. TWC Admin. LLC, 924 F.3d 718, 722 (4th Cir. 2019). A jury's verdict will withstand a Rule 50 motion unless the Court "determines that the only conclusion a reasonable trier of fact could draw from the evidence is in favor of the moving party." Tools USA & Equip. Co. v. Champ Frame Straightening Equip., Inc., 87 F.3d 654, 656–57 (4th Cir. 1996) (quoting Winant v. Bostic, 5 F.3d 767, 774 (4th Cir. 1993)); see also Konkel, 165 F.3d at 279.

As for a new trial, the Court may grant a Rule 59(a) motion if the jury verdict is (1) against the clear weight of the evidence, (2) based on false evidence, or (3) will cause a miscarriage of justice. EEOC v. Consol. Energy, Inc., 860 F.3d 131, 145 (4th Cir. 2017). The movant bears the burden of showing that a new trial is necessary to avoid a miscarriage of justice. Tidewater Fin. Co. v. Fiserv Sols., Inc., 192 F.R.D. 516, 522 (E.D. Va. 2000). Unlike a

2

Rule 50 motion for directed verdict, when assessing a Rule 59 motion for new trial the Court "may weigh the evidence and consider the credibility of the witnesses." Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir. 1989); see also Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp., 41 F.3d 182, 186 (4th Cir. 1994).

Finally, reconsideration under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The Court will reconsider judgments under Rule 59(e) only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "'Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

### B. Plaintiff's Motion for Registration of Judgment

Under 28 U.S.C. § 1963, a judgment may be registered and enforced in a non-rendering district court when (1) the judgment has become final or (2) upon a showing of good cause. The judgment in this case is not final because an appeal is pending in the United States Court of Appeals for the Fourth Circuit. (Doc. No. 371); see Dugan v. Schamens, 2020 WL 7872691, at *1 (W.D.N.C. Oct. 20, 2020). Therefore, Plaintiffs seek an order from this Court registering the judgment in this matter based on a showing of good cause.

"Good cause exists when the defendant has substantial property in the foreign district and insufficient property in the rendering district to satisfy the judgment." United States v. D'Elegance Mgmt. Ltd., Inc., 217 F.3d 843, 2000 WL 966034, at *8 (4th Cir. Jul 13,

3

Case 1:20-cv-00033-MOC-WCM    Document 385    Filed 08/08/24    Page 3 of 7

2000) (unpublished). Good cause also exists when the judgment-debtor fails to post a superseadeas bond "or otherwise move[s] to stay [the judgment's] enforcement." Dugan, 2020 WL 7872691, at *1. Concerns that the judgment-debtor "may transfer or otherwise conceal property" likewise suffice to establish good cause. Id.

### III. Discussion

#### A. Defendants' Motion for Directed Verdict or, in the Alternative, for New Trial and Reconsideration

##### 1. Directed Verdict

First, the Court considers whether Defendants are entitled to a directed verdict. Defendants claim that since "the entirety of the Plaintiffs' case was testimony that was speculative conjecture," no reasonable jury could have found for Plaintiffs. Even if Defendants offered any support for their contention, it would not warrant a directed verdict: granting a motion on such grounds would require the Court to re-weigh evidence and make credibility determinations, which Rule 50 plainly disallows. Defendants also allege that their motion should be granted because Plaintiffs "guestimated" the amount of time they worked off-the-clock. But as Plaintiffs point out, Defendants overlook an abundance of evidence—including testimony from Crouson, McCoy, and Molnar—which bolstered an inference that CityMac meddled with timecards and paychecks. (Doc. No. 360 at 102:18–105:18; Doc. No. 362 at 23:3–24:23; 107:1–108:8). The jury reasonably found for Plaintiffs in light of such testimony. Finally, the "substantial documentary evidence" Defendants provide in support of their motion is inapposite: the payroll records provided by Defendants pertain to recorded hours, whereas Plaintiff's claims pertain chiefly to unrecorded hours.

For the foregoing reasons, the Court will deny Defendants' renewed motion for directed verdict.

4

## 2. New Trial

Next, the Court considers Defendants' motion for new trial. In support, Defendants first assert that Dr. Kriegler—a non-expert witness in this case—gave expert testimony which was improperly admitted under FRE 1006. Defendants point out that Dr. Kriegler was tendered as an expert witness in a prior case, cast suspicion on Dr. Kriegler's $23,988.93 "data analyses" fee, and analogize Dr. Kriegler's testimony to testimony recently excluded by the Third Circuit in United States v. Shulick, 18 F.4th 91, 106 (3d Cir. 2021). None of Defendants' arguments are persuasive.

While it is true that Dr. Kriegler testified as an expert in a prior case, Defendants offer no support for the claim—implicit in their motion—that witnesses who have previously testified as experts may never testify as a non-expert thereafter. In fact, Dr. Kriegler's compensation for testifying as an expert witness was nearly four times his compensation for testifying (as a non-expert) in this case. This pay discrepancy suggests that Dr. Kriegler's $23,988.93 "data analyses" fee was not inappropriate compensation for testimony as a quasi-expert witness, but instead compensation for Dr. Kriegler's analysis and summary of complicated payroll data.

This case is also easily distinguishable from Shulick. In Shulick, Frederick Hamilton was introduced as a witness to summarize data admitted under FRE 1006. The trial court excluded Hamilton's testimony and the Third Circuit affirmed, noting that Hamilton's testimony consisted of "post-hoc analysis" that "required the retroactive application of business and accounting principles and Hamilton's own judgment to the facts," all hallmarks of expert testimony. Shulick, 18 F.4th at 106–07. The Court noted that "[i]f a purported summary includes assumptions and inferences that represent [the witness's] opinion, rather than the underlying information, it is actually expert testimony subject to the rules governing opinion testimony." Id. at 106 (internal citations removed).

5

Here, Dr. Kriegler's testimony was devoid of opinion. While Dr. Kriegler's Declaration does detail a methodology, it did not attempt to persuade the jury using his "own judgment" or "post-hoc analysis." Instead, Dr. Kriegler merely showed his work. Non-expert witness testimony does not violate of FRE 1006 simply because the witness explained <u>how</u> they analyzed relevant data.

Finally, Defendants move the Court for a new trial on res judicata grounds. Defendants assert that the Court erred in admitting testimony which amounted to a collateral attack on the Washington State receivership proceedings. Defendants misunderstand the doctrine: res judicata prevents the relitigation of issues and claims, not the mere mention of such issues and claims in collateral proceedings. Plaintiffs were entitled to ask questions about the circumstances of the Washington receivership proceedings in their cross-examination of Curran.

For the foregoing reasons, Defendants' motion for new trial is denied.

### 3. Reconsideration

The Court next turns to Defendants' Rule 59(e) motion. Defendants fail to identify any of the narrow circumstances justifying reconsideration. Defendants have not argued that new evidence has been discovered, that there has been an intervening change in applicable law, or that there is a need to correct clear error or prevent a manifest injustice. Defendants' motion for reconsideration will therefore be denied.

### B. Plaintiff's Motion for Registration of Judgment

Although Defendants have appealed and filed motions to stay the judgment's enforcement, Plaintiffs demonstrate good cause to register this Court's judgment. Concerns that a judgment-debtor "may transfer or otherwise conceal property" constitutes good cause to grant a judgment-creditor's motion to register judgment. See <u>Dugan</u>, 2020 WL 7872691, at *1. Here, Defendants' fraudulent conveyances after the action's filing justify Plaintiffs' concern that

6

Case 1:20-cv-00033-MOC-WCM   Document 385   Filed 08/08/24   Page 6 of 7

Defendants may transfer or otherwise conceal property that could be used to satisfy this judgment. (Doc. No. 336 at 3). For good cause shown, the Court will grant Plaintiffs' motion to register judgment.

### IV. Conclusion

Defendants fail to meet the stringent standards necessary to justify a directed verdict, a new trial, or reconsideration of the Court's prior orders. The evidence put on by Plaintiffs was sufficient for a "reasonable trier of fact" to find in their favor, Tools USA, 87 F.3d at 656–57; none of the testimony challenged by Defendants resulted in a verdict "against the clear weight of the evidence," "based on false evidence," or caused "a miscarriage of justice," EEOC, 860 F.3d at 145; and there has been no "change in controlling law," "new evidence," or "clear error of law" justifying reconsideration. Hill, 277 F.3d at 708. Defendants' motions are therefore denied.

Additionally, Plaintiffs show good cause to register this judgment. Plaintiffs' concern that Defendants may transfer or conceal assets outside this Court's jurisdiction is justified. Plaintiffs' motion to register judgment will, therefore, be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Directed Verdict or New Trial and Reconsideration (Doc. No. 378), is **DENIED**, and Plaintiffs' Motion for Registration of Judgment (Doc. No. 383) is **GRANTED**.

Signed: August 8, 2024

Max O. Cogburn Jr
United States District Judge