UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:20-cv-0033-MOC

| | |
|---|---|
| SHAILESH JAHAGIRDAR, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE COMPUTER HAUS NC, INC. d/b/a CITYMAC, et al.,<br><br>    Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY AND INITIAL RESPONSES TO DISCOVERY AND FOR SANCTIONS** |

## I. INTRODUCTION

Defendants Troy Curran, Amber Curran and Brandy Curran have chosen to shirk their discovery obligations in an ongoing effort to evade collection of the judgment entered against them by this Court. Although Defendants have appealed the judgment, they refuse to post a bond and have not sought a stay of enforcement. Despite the four months that have passed since the judgment became ripe for appeal upon denial of all Defendants' post-trial motions, the Fourth Circuit has not yet set a briefing schedule. It appears the Fourth Circuit is awaiting this Court's ruling on Plaintiffs' motion for attorney fees, even though a lack of ruling on such motions typically does not render the appeal premature or unripe.

In any event, Plaintiffs have attempted to move forward on collection efforts, including registering the judgment in Washington State to begin collection on property and/or assets available and by serving some basic post-trial discovery directed at Defendants Troy Curran, Brandy Curran, and Amber Curran to confirm location of assets to collect from. Instead of responding to the discovery in good faith, which is now 121 days past due, Defendants' counsel has spent more energy disparaging Plaintiffs and this Court because a judgment was entered

against his clients, particularly Brandy and Amber Curran. Counsel has strongly cautioned Plaintiffs' counsel to cease all collection efforts against his clients and threatened that he will "claw back" any money that is collected.

Defendants are not above the law, nor do they live in a reality where a judgment was not entered against them. To assist Plaintiffs in their collection efforts against the judgment, this Court should grant Plaintiffs' motion to compel verified responses to Plaintiffs' post-trial discovery requests, without objections. The Court should also issue sanctions against these Defendants and their counsel for abusing the discovery process.

## II. PROCEDURAL BACKGROUND

The Court entered an Amended Final Judgment in this matter on April 26, 2024. [Doc. No. 369] After Defendants' post-trial motions were denied and while an appeal was pending but no bond had been posted nor a stay requested, Plaintiffs served post-judgment discovery requests on each of the individual Defendants on September 3, 2024. The discovery requests included 24 Interrogatories and 25 Requests for Production. [Ex. A]

On October 4, 2024, the date the responses were due, Defendants' counsel emailed Plaintiffs' counsel for the first time since serving discovery responses on September 3, 2024, to state that he had changed law firms and inquire about the status report to the Court of Appeal. He did not mention the discovery responses due that day. [Ex. B] Plaintiffs' counsel responded and inquired about the discovery responses. Defendants' counsel responded to the email, but ignored Plaintiffs' question about the status of discovery responses due. [Ex. C] When Plaintiffs' counsel pushed back about the discovery responses, Defense counsel sought a 30-day extension of time due to his "transition." *Id.* On October 7, 2024, Plaintiffs consented to a 30-day extension of time, causing responses to discovery served on September 3, 2024, to be due on

Monday, November 4, 2024. [Ex. D] Defendants' counsel failed to serve responses or otherwise communicate by the deadline.

On November 6, 2024, Plaintiffs' counsel reached out again, reminding Defendants' counsel that responses were again overdue with no communication by Defendants' counsel. [Ex. E] Having received no responses or further communication, Plaintiffs' counsel reached out yet again on November 14, 2024, reminding Defendants' counsel that 72 days were provided since September 3, 2024, for response to discovery requests (including two extensions), with no responses. She indicated that Plaintiffs would be filing a Motion to Compel and would be seeking sanctions and costs if a response was not received by 5pm that day. [Ex. F] Defendants did not serve responses by the deadline.

On November 21, 2024, Defendants' counsel served written responses to Request for Production and unverified Responses to Interrogatories on behalf of Troy Curran only and stated he was "working on putting together bank account statements, tax returns, etc. responsive to the requests that supplement pretrial discovery." Counsel also stated that he was "working on Brandy and Amber's responses" and commented that they "had absolutely no business being in this lawsuit" and that "it is frankly disgusting that they were not dismissed from this suit by the Court at any point." [Ex. G]

On December 5, 2024, Plaintiffs' counsel had to follow up yet again to find out where the long-overdue responses were. She again reminded Defendants' counsel that the requests were served on September 3, 2024, yet no documents had been received and only incomplete responses for Troy Curran were received. She further explained that Troy Curran's written responses needed to be supplemented because they provide the bare minimum of information, most of which was stale and recycled from pre-trial discovery requests. She explained that

3

Plaintiffs were left with no choice but to proceed with a Motion to Compel if fulsome and complete responses to all discovery requests, including supplemental responses, were not received by 5pm the following day. [Ex. H]

On the same date, Defendants' counsel responded, stating he is "working on getting responses from" Amber and Brandy Curran, again reiterating that it is a "travesty that the Court found them jointly and severally liable" and "cautioning" Plaintiffs' counsel not to try to collect any part of the judgment against Brandy or Amber. He stated he "will get [Plaintiffs] responses and documents but gave no date for service or production. He stated that "Every penny you attempt to collect will be clawed back when we prevail on appeal. I would again caution you on attempting any collection efforts at this time." [Ex. I]

Plaintiffs' counsel waited another week for the promised responses and documents but none were forthcoming. As such, on December 12, 2024, she sent Defendants' counsel a comprehensive meet and confer letter, specifying the shortcomings in the written responses by Troy Curran. Specifically, the written responses for Troy Curran were evasive and incomplete. Curran did not provide all the information required under the defined term "identify." In the meet and confer letter, Plaintiffs' counsel again warned that Plaintiffs would be forced to involve the Court if supplemental responses for Troy Curran, initial responses for Amber and Brandy Curran, and document productions for all three Defendants were not received by December 16, 2024. [Ex. J ] Yet again, Plaintiffs' counsel did not receive a response to this meet and confer letter.

Instead, on December 17, 2024, Plaintiffs received notice that Defendants' counsel no longer works for his last firm and that he had transitioned to his own firm, yet no Notice of Appearance has been filed with this Court in this matter or the Fourth Circuit Court of Appeals.

4

[Ex. K] Plaintiffs held off filing this motion for two additional weeks, to give Defendants' counsel additional time to regroup again, despite no communication from counsel requesting as such. However, to date, Plaintiffs have not received any production of documents from Troy Curran and have received neither written responses nor production of documents from Brandy Curran and/or Amber Curran. There has been no further communication from Defendants' counsel as of this filing.

### III. LEGAL DISCUSSION

The prevailing party in litigation has the right to discover information pertaining to the losing party's ability to satisfy the judgment. See *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."); *Moore v. Appliance Direct, Inc.* No. 6:09-CV-224-Orl-GJK, 2013 WL 12336219 (M.D. Fla. Feb. 26, 2013) (permitting discovery in aid of money judgment); *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982) (affirming district court's decision to compel post-trial discovery in aid of money judgment); *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, No. 5:04-CV-12-Oc-10GRJ, 2009 WL 10675487 (M.D. Fla. Aug. 3, 2009) (permitting post-trial discovery in aid of judgment for attorney's fees).

In seeking post-trial discovery, the prevailing party may follow the normal federal rules of procedure for compelling answers to pre-judgment discovery in its post-judgment discovery requests. Fed. R. Civ. P. 69(a). Therefore, as in pre-trial discovery, if the losing party fails to answer those post-trial discovery requests, Federal Rule of Civil Procedure 37(a)(3)(B) allows the prevailing party to move the Court to compel the losing party to respond. Moreover, if the

losing party does not state a timely objection to discovery requests, the losing party waives that objection unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4).

"[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (citation omitted). Discovery "is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). A Motion to Compel is proper where the adverse party has failed to provide full and complete responses to discovery requests. Fed. R. Civ. P. 37.

"[T]he party resisting discovery has the burden of clarifying, explaining and supporting its objections." *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins.Co.*, No. 05-CV-41, 2006 WL 2715164, at *6 (N.D. W. Va. Sept. 22, 2006) (citation and quotation marks omitted); see also *United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 411 (D. Md. 2005) ("Generally, the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules," including "where the resisting party asserts that the discovery is irrelevant."); *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992) (holding plaintiff was entitled to requested documents as the objecting party failed to meet its burden to support its objection).

To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). Rather, said party is obligated to explain, clarify and support his/her objections. *Taylor* at *2; *Nestle Fund Corp.*, at 104. The objecting party may accomplish this task by providing the

6

requesting party and the trial court with affidavits or offering evidence to explain the nature of the objection. *Roesborg v. John-Manville Corp.*. 85 F.R.D. 292, 297 (E.D.Pa. 1980).

The Federal Rules and Local Rules mandate that "[a]ll objections to document production requests must be stated with particularity and specificity; objections may not be 'boilerplate.'" *D.J.'s Diamond Imps., LLC v. Brown*, 2013 U.S. Dist. LEXIS 46730, at *20 (D. Md. 2013). The failure to do so waives the objections. *Id*; see also, *Silicon Knights, Inc. v. Epic Games, Inc.,* 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (granting motion to compel where responding party relied on boilerplate objections); *Mainstreet, supra,* 270 F.R.D. at 240 (recognizing that boilerplate objections are not proper); *Paulino v. Dollar Gen. Corp.*, No. 3:12-CV-75, 2013 U.S. Dist. LEXIS 59371, at *34 (N.D. W. Va. Apr. 25, 2013) (collecting cases).

A. **This Court should compel supplemental responses from Troy Curran without objections.**

1. **Plaintiffs are entitled to further responses to Interrogatories.**

"Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(4). An evasive or incomplete response is treated as a failure to respond at all. Fed. R. Civ. P. 37(a)(4); *Kinetic Concepts, Inc. v ConvaTec Inc*. No. 1:08CV00918, 2010 U.S. Dist. LEXIS 46976, at **45 (M.D.N.C. May 12, 2010) ("An evasive or incomplete response must be treated as a failure to respond"). A party served with discovery requests does not have a right to leave "gaps" in his or her responses. *Calkins v. Pacel Corp.,* No. 3:07 cv00025, 2008 U.S. Dist. LEXIS 43937, at *15 (W.D. Va. June 4, 2008) ("Yet what [Plaintiffs] have failed time and again to comprehend is that they do not have the right to leave "gaps" in their responses to discovery requests"). Further, whether a party already has the information requested is not a valid objection. *Walt Disney Co. v.*

7

*DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (A responding party "is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents."); accord *Brill v. Napolitano*, No. CV 09-0421, 2010 U.S. Dist. LEXIS 148473, 2010 WL 11512400, at *5 (C.D. Cal. May 12, 2010).

Curran's responses do not meet these requirements. For instance, in Response to Interrogatory Nos. 3, 4, 12, 17, 20 Curran states that the information had already been provided to Plaintiffs. These responses are not complete because they refer to information that Curran claims is already in Plaintiffs' possession. In addition, none of these interrogatories were specifically asked of Curran during pre-trial discovery and all of his pre-trial discovery responses were equally incomplete and evasive.

In Response to Interrogatory No. 3, Curran fails to identify all the bank accounts he has, particularly those in the Cayman Islands. He could not even have registered his personal property in the Cayman Islands without having a bank account there.

In Response to Interrogatory No. 4, Curran omitted numerous entities that he has an interest in, some of which are co-Defendants in this case, and he did not provide all the information requested.

In Response to Interrogatory No. 5, Curran fails to provide the information required by the defined term "identify."

In Response to Interrogatory No. 6, Curran fails to provide the information required by the defined term "identify."

In Response to Interrogatory No. 13, Curran asserted the attorney-client privilege without submitting a privilege log. Also, the amount of attorney fees is not protected by the attorney-client privilege and neither is the retention agreement. See *Bowman v. Green Tree*

8

*Servicing, Inc.*, No. 3:12-CV-31, 2012 U.S. Dist. LEXIS 146473, 2012 WL 4849616, at * 3 (N.D. W. Va. Oct. 11, 2012) ("The authority is unanimous for the proposition that 'in absence of unusual circumstances, the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee do not come within the privilege of the attorney-client relationship.'")

In Response to Interrogatory Nos. 17 and 19, Curran denies transferring assets or property to any person or entity, but there is evidence that he transferred at least $50,000 of his personal funds to register his yacht in the Cayman Islands in 2021.

In Response to Interrogatory No. 21, Curran fails to provide the information required by the defined term "identify." Curran also fails to mention the income he earns from Curran Brothers, the business he owns with his brother, Mark Curran.

In Response to Interrogatory No. 23, Curran claims the question is cumulative and refers to his previous responses, but the question is not cumulative and must be separately answered.

**2. Plaintiffs are entitled to further responses to Requests for Production.**

Just as he did in his Responses to Interrogatories, in Response to Request Nos. 1, 2, 3, 4, 5, 6, 8, 9, 13, and 23 Curran claims that documents have already been provided in pre-trial discovery. This is not a proper response for several reasons. First, these same documents were not requested in pre-trial discovery. Second, Curran did not provide fulsome and complete responses to any pre-trial discovery. Third, the responses are not verified under oath. "When a party claims that the requested documents have already been produced, it must indicate that fact under oath in response to the request." See *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 200 (D. Conn 2014) (citations omitted). "If the party fails to make a clear and specific statement of such compliance under oath, the court may order it to produce the documents." *Colon v. Blades*,

9

268 F.R.D. 129, 132-33 (D.P.R. 2010) (citing *Rayman v. Am. Charter Fed. Savings & Loan Ass'n*, 148 F.R.D. 647, 651 (D. Neb. 1993); *Vazquez-Fernandez v. Cambridge College, Inc.,* 269 F.R.D. 150, 154 (D.P.R. 2010) ("[W]hen a response to a production for documents is not a production or an objection, but an answer, the party must answer under oath."); *Rayman v. Am. Charter Fed. Savings & Loan Ass'n*, 148 F.R.D. 647, 651 (D. Neb. 1993) ("The [Advisory Committee] comment to [Rule 34] above indicates that in such a situation [where the defendant responded by stating that the documents had been produced], the proper procedure for making the response is mandated by Rule 33, which requires responses by the party under oath.")); Fed. R. Civ. P. 34 (Advisory Committee Notes, 1970 Amend. Sub.(b) ("The procedure provided in Rule 34 is essentially the same as that in Rule 33 as amended . . . .").

In Response to Request Nos. 1, 2, 7, 11, 14, 17, 18, Curran states that he has no documents, but he fails to state that he has conducted a diligent search, as required. Obligation in responding to discovery requires a diligent search and reasonable inquiry. See *Garcia v. Bana*, 2012 U.S. Dist. LEXIS 79888, 2012 WL 2119157, at *10.

In Response to Request Nos. 12, 21, 22, and 24, Curran does not object or agree to produce documents. Instead, he provides an answer, as if he was asked an interrogatory. As noted above, when this occurs, the response must be made under oath.

As such, Troy Curran provided incomplete and evasive responses to both the Interrogatories and the Requests for Production. It is clear from the responses and correspondence from Defendants' counsel, that the written responses simply recycled the prior responses elicited during pre-trial discovery as there is no updated and current information provided.

This Court should compel Troy Curran to serve supplemental responses to Plaintiffs' Interrogatories and Request for Production of Documents that are complete, fulsome, without objections and under oath.

### B. This Court should compel initial written responses from Amber Curran and Brandy Curran without objections.

Plaintiffs have not received any responses or documents from either Amber or Brandy Curran. Instead, they have received empty promises and loaded threats from counsel. There is absolutely no good cause to excuse the failure of Amber and Brandy Curran to serve timely responses and the Court should compel responses without objections.

### C. This Court should award discovery sanctions against all three Defendants and their counsel.

The Federal Rules contemplate that discovery will proceed in an orderly and timely manner and without the requesting party being forced to request intervention of the Court to order that reasonable and relevant discovery be provided and produced. Rule 37 expressly recognizes that the Court "shall, after affording an opportunity to be heard, require the party … whose conduct necessitated the motion" pay the expenses of the moving party. Fed. R. Civ. P. 37(a)(4) (emphasis added). The Federal Rules likewise grant the Court wide discretion to order an appropriate sanction for a party's failure to participate or comply with discovery. See, e.g., *Mutual Federal Savings & Loan Assoc. v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Because Defendants have ignored their obligations under the Federal Rules, the Court should order Defendants and/or their counsel to compensate Plaintiffs for the reasonable costs, including attorneys' fees, Plaintiffs have incurred in their repeated efforts to get Defendants to respond to discovery, including bringing this Motion.

### IV. CONCLUSION

11

Case 1:20-cv-00033-MOC-WCM     Document 388     Filed 01/02/25     Page 11 of 13

Plaintiffs respectfully request this Court grant their motion to compel further responses to discovery from Defendant Troy Curran and initial responses to discovery from Amber Curran and Brandy Curran, as well as productions of documents from all three Defendants. Plaintiffs further request sanctions against Defendants and/or their counsel for their failure to participate and/or comply with post-trial discovery, including reasonable attorneys' fees and costs, in an amount to be determined by the Court.

Respectfully submitted this 2nd day of January 2025.

>*/s/ L. Michelle Gessner*
>L. Michelle Gessner, NCSB #26590
>GESSNERLAW, PLLC
>602 East Morehead Street
>Charlotte, North Carolina 28202
>T: 704.234.7442;  F: 980.206.0286
>Email: michelle@mgessnerlaw.com
>
>*Plaintiffs' Class Counsel*

## CERTIFICATE OF COMPLIANCE WITH 3:24-mc-104

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this 2nd day of January 2025.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB #26590
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
T: 704.234.7442;  F: 980.206.0286
Email: michelle@mgessnerlaw.com

*Plaintiffs' Class Counsel*