# EXHIBIT G



## Discovery Responses for Troy Curran

1 message

**Nathan White** <NWhite@fallslawfirm.com>                                    Thu, Nov 21, 2024 at 4:16 PM
To: Michelle Gessner <michelle@mgessnerlaw.com>

Michelle,

Please find attached our responses to the discovery requests for Troy.  I am working on putting together bank account statements, tax returns, etc. responsive to the requests that supplement pretrial discovery.

I am working on Brandy and Amber's responses.  Given that these individuals had absolutely no business being in this lawsuit and it is frankly disgusting that they were not dismissed from this suit by the Court at any point, and there's zero chance that the 4th Circuit won't dismiss them from this lawsuit on appeal, do you honestly intend to go after these two individuals for any of their assets?

R, Nate



**Nathan A. White** | Partner
**Falls Law Firm PLLC** | 1712 Euclid Avenue, Charlotte, NC 28203
P: 704.256.8282 | M: 704.492.6574 | nwhite@fallslawfirm.com
FallsLawFirm.com | Licensed to practice in NC and SC

The information contained in this email is privileged and confidential information intended only for review by the addressee(s). Please do not read, copy, or disseminate this communication unless you are the intended addressee. If you have received this email in error, please destroy the communication. Thank you for your cooperation.

**2 attachments**

 **Answers to PJI to Troy Curran 11.21.2024.pdf**
191K

 **Troy Curran's Responses to PJ RFP 11.21.2024.pdf**
173K

SHAILESH JAHAGIRDAR, et. al.,

      *Plaintiffs/Judgment Creditors,*

v.

TROY CURRAN, et al.

      *Defendants/Judgment Debtor.*

## TROY CURRAN'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF POST JUDGMENT INTERROGATORIES

    COMES NOW Defendant Troy Curran, by his attorney, and hereby submits his Objections and Answers to Plaintiffs' First Set of Post Judgment Interrogatories as follows:

## GENERAL OBJECTIONS

    1.    The following Answers are based upon information presently available to Defendant, which Defendant believes to be correct. These Answers are made without prejudice to Defendant's right to utilize subsequently discovered facts or documents. These Answers are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist.

    2.    The following Answers are made without waiver of and specifically reserving all objections as to competency, relevancy, materiality, privilege, and admissibility of each Answer and the subject matter thereof, and Defendant reserves the right to object on any grounds to the use of any such Answer in any further proceedings in this action (including trial) or in any other action.

    3.    Defendant reserves the right at any time to revise, correct, add to, supplement,

amend or clarify any of the Answers made herein, whether by means of additional Answers or otherwise; provided, however, that any supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

4.    Defendant objects to any Interrogatory to the extent that it requests or seeks information that is publicly available, cumulative with any information or documents produced in pretrial discovery, that was prepared in anticipation of litigation or for trial or that is subject to the attorney/client privilege or the attorney work-product doctrine, or that is otherwise outside the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure.

5.    These General Objections are incorporated into each of the Answers set forth below.

INTERROGATORY NO. 1:

Identify each and every parcel of real property, fee simple or leasehold, in which You, individually, or as a co-owner with any other person or entity, holds, or has held at any time since January 1, 2020, any interest whatsoever. For each property identified, list: (1) the interest held by the Defendant; (2) names and addresses and relationship to the Defendant, if any, of all and any co-owners and the interest held by them; (3) the reference to the deed or other instrument under which Defendant acquired title to the interest held; and (4) names and addresses of all mortgages and other persons, natural or corporate, possessing any mortgage lien or other encumbrance upon all or any portion of the property or properties listed in the answer hereto, stating fully as to each the type of mortgage lien or other encumbrance, date incurred or acquired, face amount and the balance due as of the date of these answers, the date(s) additional payments are due and whether or not payments are in arrears.

**ANSWER:**  Mr. Curran has not owned any real property, fee simple or leasehold, since January 1, 2020.

<u>INTERROGATORY NO. 2</u>:

If any of the property or properties listed in Answer to Interrogatory No. 1 produce any income, state the type of income produced (e.g., rent, royalties, etc.), the amount of income produced, the date and method of payment, and the names and addresses of all tenants, renters, and/or others from whom income is received.

**ANSWER:** See Answer to Interrogatory No. 1.

<u>INTERROGATORY NO. 3</u>:

List any and all accounts that You maintained or that were maintained for your benefit (including but not limited to retainers or deposits), at any financial institution at any time from January 1, 2020 to the present, including without limitation, any bank, savings and loan associations, brokerage and/or investment firms that Defendant now holds or has held at any time since January 1, 2020, either individually or together with some other person or entity and including any accounts in the Cayman Islands. For each account identified, give the name and address of the individual, firm, corporation or other entity besides Defendant having an interest in the account, and the relationship, if any, of each such person to Defendant; the date on which the account was opened; account identification numbers and information, the balance as of the date of these answers, and the date on which the account was closed, if closed.

**ANSWER:** Mr. Curran has a Chase Account and a Citi Account and these accounts have been previously provided through pretrial discovery.

<u>INTERROGATORY NO. 4</u>:

Identify any stock or other interest held by Defendant in any incorporated or unincorporated businesses, partnerships, joint ventures or other entity, including, but not limited to (a) the number or amount of such assets held by Defendant and (b) the jurisdiction in which the entity is incorporated or registered; and (c) the Defendant's ownership percentage.

**ANSWER:** Mr. Curran has a 100% ownership interest in Ocean Tech, Inc., Delaware corporation, information that has been previously provided through pretrial discovery. Mr. Curran has a 100% ownership interest in Salish Sea, LLC, a Delaware limited liability company, information that has been previously provided through pretrial discovery. Mr. Curran has a 100% ownership interest in Ocean Dance, a Caymans Island corporation, information that been previously provided through pretrial discovery.

3

INTERROGATORY NO. 5:

Identify all bonds, certificates of deposit, money market accounts, mutual funds or other securities that Defendant owns or in which Defendant holds any interest whatsoever, including in your answer the amount or value of Defendant's interest, the location of all documents evidencing Defendant's ownership interest, and the nature of Defendant's ownership interest.

**ANSWER:**  Mr. Curran has an ownership interest in a Morgan Stanley IRA that Mr. Curran is in the process of liquidating in order to pay bills related to his CityMac business and legal fees.  There is approximately $14,000 in this IRA as of November 21, 2024.

INTERROGATORY NO. 6:

Give a complete list of all persons, natural or corporate, and entities that owe Defendant any money or that are holding any money or credits to which the Defendant is or will in the future be entitled, giving the names and addresses, amounts owed or held, date payable and whether Defendant considers the amount to be collectible or uncollectible.

**ANSWER:**  Khalsa University in 2016 purchased 3636 Haxton Way, Bellingham, Washington.  At the same time of the purchase, Mr. Curran had an ownership interest in the property.  The property was secured by a deed of trust that has been subsequently transferred to Salish Sea, LLC.  Mr. Curran receives a monthly payment from the note payable to his Citi account.  Mr. Curran reserves the right to supplement this response.

INTERROGATORY NO. 7:

Identify any contingent or unliquidated claims assertable by or on behalf of the Defendant of any nature, including, but not limited to, tax refunds, counterclaims, and rights to setoff.

**ANSWER:**  Mr. Curran does not have any contingent or unliquidated claims.

INTERROGATORY NO. 8:

State whether Defendant is the plaintiff or judgment creditor in any cause of action. If so give the title of the cause of action, the amount of the claim or judgment, the present status of the case, and the name of the court in which the action is pending or the judgment is enrolled.

**ANSWER:**  Mr. Curran is not the plaintiff or judgment creditor in any cause of action.

4

INTERROGATORY NO. 9:

Identify all patents, copyrights, or other intellectual property of the Defendant from January 1, 2020 to the present and, to the extent the intellectual property is no longer held by the Defendant, state the date Defendant transferred the property, the recipient of the transfer, the consideration received by Defendant for the transfer.

**ANSWER:** Mr. Curran is not the owner of any intellectual property.

INTERROGATORY NO. 10:

Identify any licenses, and other general intangibles of the Defendant.

**ANSWER:** Mr. Curran is not the owner of any licenses and other general intangibles.

INTERROGATORY NO. 11:

Identify any other assets or property of Defendant with a value of $1,000 or greater, including, but not limited to, automobiles, furniture, computers, electronic appliances, trucks, vehicles, aircraft, vessels, buildings, machinery and inventory, including any vessels located in or registered in the Cayman Islands. The response to this Interrogatory should include the following, for each asset or item of property:

(a)     A description of such asset or property;

(b)     The make, model, serial number or registration, of such asset or property;

(c)     The location of such asset or property;

(d)     The current value of Defendant's interest in such asset or property without deducting for any secured claim or exemption;

(e)     With respect to each asset or property of Defendant, state the name, address, occupation and relationship to Defendant, if any, of the co- owner(s) and the precise interest in each asset or property referred to herein; and

(f)     If any person or entity other than Defendant claim to have a lien on, or to hold a security interest in, such asset or property, the amount of such lien or security interest; the name and address of the holder of such lien or security interest; and the identity of the employee, agent, or department of the holder of such lien or security interest familiar with such lien or security interest, the date the encumbrance was included, the balance due thereon as of the date of Defendant's

5

answers, the dates on which additional payments are due, and whether or not payments are in arrears.

**ANSWER:** Mr. Curran does not own any of the assets described in a value excess of $1,000.


INTERROGATORY NO. 12:

Identify any interest owned by Defendant in goods, wares, merchandise, inventory, supplies, fixtures, money, furniture, chattels, patents or copyrights, other than the items listed in response to Interrogatory No. 11, and if so, provide a description of each such interest including, but not limited to, the value and location of each, and the nature of Defendant's interest.

**ANSWER:** Mr. Curran does not own any of the items listed above other than "money" that are in the personal banking accounts described in Answer to Interrogatory No. 3, accounts of which have been previously provided in pre-trial discovery.


INTERROGATORY NO. 13:

Identify any other assets, property or equipment owned by Defendant and not listed in an answer to any previous Interrogatory, for example; personal property, real property, accounts receivable, patents, copyrights, trademarks, contract rights, royalties, commissions, life insurance policies (including those with cash value), collections, notes and securities.

**ANSWER:** Object to the extent this Interrogatory is cumulative with other Interrogatories. Without waiving the objection, other than what has been previously described in response to other Interrogatories, Mr. Curran does not personally own anything described in Interrogatory No. 13.


INTERROGATORY NO. 14:

Identify the date and amount of all payments of attorneys' fees and/or legal costs incurred by Defendant since January 1, 2020 and the source(s) of funds from which the payments were made, and identify any retainers for legal fees currently being held for the benefit of Defendant.

**ANSWER:** Objection to the extent this Interrogatory calls for attorney-client privileged information.

<u>INTERROGATORY NO. 15</u>:

Identify any and all safety deposit boxes, vaults, or similar depositories held by Defendant, individually, or jointly with any other person, natural or corporate, from January 1, 2020 to the present, and state the name and address of the bank or other financial institution at which the safety deposit boxes, vaults, or similar depositories are maintained; the name and address of the person under whose name the safety deposit boxes, vaults, or similar depositories are rented; and describe in detail the contents of the safety boxes, vaults, or similar depositories, as of the date that these interrogatories were served.

**ANSWER:** Mr. Curran does not have any safety deposit boxes, vaults, or similar depositories.


**<u>INTERROGATORY NO. 16</u>:**

Identify all transfers of any assets that Defendant has made to insiders, as that term is defined in 11 U.S.C. § 101(31), since January 1, 2020; include the nature and amount of property transferred, as well as the nature and amount of consideration paid by the insider in exchange for the transferred property, and the names of the transferees.

**ANSWER:** Mr. Curran has not made any transfers of assets to "insiders."


<u>INTERROGATORY NO. 17</u>:

Identify all transfers of any assets that Defendant has made to, or for the benefit of, Troy Curran, Brandy Curran or Mark Curran, or any entity owned by or affiliated with any of those individuals.

**ANSWER:** Object to the ambiguous language "affiliated with any of those individuals." Mr. Curran has not made any transfer of any assets to Brandy Curran or Mark Curran other than a transfer of part of his ownership interest in Zephyr Investments to Brandy Curran, information which was previously provided in pretrial discovery.

7

INTERROGATORY NO. 18:

Identify all transfers of any assets that Defendant has made to, or for the benefit of, Troy Curran, Brandy Curran or Mark Curran, at any time since January 1, 2020.

**ANSWER:** Objection. This Interrogatory is cumulative with Interrogatory No. 17.


INTERROGATORY NO. 19:

Identify all conveyances, sales, or other transfers of any interest in property with an aggregate value in excess of $10,000 to any person or entity whatsoever, either by sale, pledge, loan, gift, or otherwise, since January 1, 2020.

**ANSWER:** Object to the to the extent this request is cumulative with other requests. Without waiving the objection, other than has been described in previous responses, Mr. Curran has not made any conveyances, sales, or other transfers of any interest as describe in Interrogatory No. 19.


INTERROGATORY NO. 20:

Identify any accountants, certified public accountants (CPAs), financial advisors or other individuals You have utilized or employed to assist You with your personal finances, since January 1, 2020.

**ANSWER:** Justin Rumarcus, CPA, information which has been previously provided in pretrial discovery.


INTERROGATORY NO. 21:

Identify the source(s) of all income Defendant received from January 1, 2020 to the present, the date or dates on which Defendant received income from the source, and the amount of income from that source.

**ANSWER:** Limited funds from Computer Haus NC, Inc. prior to COVID; Ocean Tech, Inc. d/b/a City Mac and income from the note payable referenced above.

8

<u>INTERROGATORY NO. 22</u>:

Identify each partner, agent, shareholder, director, and officer of the Defendant, including their work and home addresses, telephone numbers, title(s), relationship with Defendant, and value of interest in Defendant.

**ANSWER:** Troy Curran is a natural person.

<u>INTERROGATORY NO. 23</u>:

Identify any and all agreements or contracts, to which Defendant is party, which in any manner may result in the payment of monies to Defendant.

**ANSWER:** Object to this Interrogatory to the extent it is cumulative with other Interrogatories. Without waiving the objection, see previous responses.

<u>INTERROGATORY NO. 24</u>:

Identify, by full name, title and address, each person who answered or assisted in answering each of these interrogatories and identify each Interrogatory that they answered or assisted in answering.

**ANSWER:** Mr. Curran and Mr. White.

FALLS LAW FIRM, PLLC

BY:     */s/ Nathan A. White*_____
          Nathan A. White
          NC State Bar No. 48684
          1712 Euclid Avenue
          Charlotte, North Carolina 28203
          Tel: (704) 256-8282
          Fax: (704) 519-2522
          Email: nwhite@fallslawfirm.com

          *Counsel for Defendants-Appellants*

9

## <u>VERIFICATION OF INTERROGATORY ANSWERS</u>
### Pursuant to F.R.C.P. 33(b)(5)


      I, Troy Curran, verify that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Signed,


_____    Dated: _____

**Troy Curran**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 21, 2024 the foregoing TROY

CURRAN'S ANSWERS TO PLAINTIFF'S FIRST SET OF POST JUDGMENT

INTERROGATORIES was served by email to:

L. Michelle Gessner
GessnerLaw, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Telephone: (704) 234-7442
Fax: (980) 206-0286
E-Mail: michelle@mgessnerlaw.com
*Plaintiffs' Class Counsel*

FALLS LAW FIRM, PLLC

BY: */s/ Nathan A. White*_____
Nathan A. White
NC State Bar No. 48684
1712 Euclid Avenue
Charlotte, North Carolina 28203
Tel: (704) 256-8282
Fax: (704) 519-2522
Email: nwhite@fallslawfirm.com
*Counsel for Defendants-Appellants*

11

SHAILESH JAHAGIRDAR, et. al.,

      *Plaintiffs/Judgment Creditors,*

v.

TROY CURRAN, et al.

      *Defendants/Judgment Debtor.*

## TROY CURRAN'S RESPONSES TO PLAINTIFFS' FIRST SET OF POST JUDGMENT REQUEST FOR PRODUCTION

COMES NOW Defendant Troy Curran, by his attorney, and hereby submits his Objections and Responses to Plaintiffs' Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.    The following Responses are based upon information presently available to Defendant, which Defendant believes to be correct. These Responses are made without prejudice to Defendant's right to utilize subsequently discovered facts or documents. These Responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist.

2.    The following Responses are made without waiver of and specifically reserving all objections as to competency, relevancy, materiality, privilege, and admissibility of each Response and the subject matter thereof, and Defendant reserves the right to object on any grounds to the use of any such Response in any further proceedings in this action (including trial) or in any other action.

3.      Defendant reserves the right at any time to revise, correct, add to, supplement, amend or clarify any of the Responses made herein, whether by means of additional Responses or otherwise; provided, however, that any supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

4.      Defendant objects to any Request to the extent that it requests or seeks information that is publicly available, cumulative with any information or documents produced in pretrial discovery, was prepared in anticipation of litigation or for trial or that is subject to the attorney/client privilege or the attorney work-product doctrine, or that is otherwise outside the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure.

5.      Defendant objects to any Definitions to the extent that they seek to impose obligations upon Defendant that are greater than, or inconsistent with, those imposed upon the parties by the Federal Rules of Civil Procedure. As such, Defendant will provide Responses only as are required by the applicable Federal Rules of Civil Procedure.

6.      These General Objections are incorporated into each of the Responses set forth below.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

Produce all documents identified or referred to in the Defendant's answers to the interrogatories.

**RESPONSE:** Mr. Curran has previously provided substantial information responsive to these requests which are cumulative with pretrial discovery requests. Mr. Curran is in the process of locating the note payable referenced in Interrogatory No. 6 and will supplement and produce once the note payable is located.

2

<u>REQUEST NO. 2</u>:

Produce all documents that relate to any assets, real or personal, tangible or intangible, including contractual rights, inventory, equipment, vehicles, owned (whether in whole or in part) by Defendant or that have been owned (whether in whole or in part) by Defendant since January 1, 2020.

**RESPONSE:** Mr. Curran does not have any documents responsive to this request. As produced through pretrial discovery and presented at trial, Mr. Curran does not own anything other than personal effects directly because of the structure he established with his Washington State attorney.

<u>REQUEST NO. 3</u>:

Produce all documents that relate to any ownership interest of any kind that Defendant holds with respect to any company, firm, corporation, organization, or entity, whether foreign or domestic.

**RESPONSE:** Any ownership documents relevant to this request have been provided through pretrial discovery.

<u>REQUEST NO. 4</u>:

Produce all documents that relate to any ownership, partnership, or membership interest of any kind that Defendant has in any partnership (whether general or limited) or limited liability company.

**RESPONSE:** Any ownership documents relevant to this request have been provided through pretrial discovery.

<u>REQUEST NO. 5</u>:

Produce all documents that relate to any bank account on which Defendant is an owner, signatory, or to which Defendant has access. This request includes but is not limited to account opening documents, account closing documents, and all bank account statements since January 1, 2020.

**RESPONSE:** Any documents responsive to this request have been provided through pretrial discovery. Mr. Curran will supplement this response with updated bank statements reference in response to Interrogatory No. 3.

3

<u>REQUEST NO. 6</u>:

      Produce all documents that relate to any conveyance, sale, or other transfer by Defendant of any interest in property with a value in excess of $10,000 to any person or entity whatsoever, either by sale, pledge, loan, gift, or otherwise, since January 1, 2020.

**RESPONSE:**  Any documents that may be responsive to this request have been provided through pretrial discovery.


<u>REQUEST NO. 7</u>:

      Produce all documents that relate to all transfers of assets that Defendant has made to an insider or insiders, as that term is defined in 11 U.S.C. § 101(31), since January 1, 2020; include the nature and amount of property transferred, as well as the nature and amount of consideration paid by the insider in exchange for the transferred property, and the names of the transferees.

**RESPONSE:** There are no documents responsive to this request.


<u>REQUEST NO. 8</u>:

      Produce all documents that relate to all transfers of assets that the Defendant has made to, or for the benefit of Troy Curran, Brandy Curran, Mark Curran, or any entity owned by or affiliated with any of those individuals.

**RESPONSE:**  There are no documents responsive to this request that have not already been provided through pretrial discovery.


<u>REQUEST NO. 9</u>:

      Produce all documents that relate to accounts receivable or other debts owed by others to Defendant.

**RESPONSE:** There are no documents responsive to this request that have not already been provided through pretrial discovery.

**<u>REQUEST NO. 10</u>:**

      Produce all documents that relate to the assertion, if any, by third-parties that Defendant owes them any amount of money.

**RESPONSE:**  Object to this RFP as vague and ambiguous.  See Response to RFP No. 1.

4

<u>REQUEST NO. 11</u>:

Produce all documents that relate to the assertion, if any, by third-parties that such third-parties have an interest in the Defendant's assets.

**RESPONSE:** There are no documents responsive to this Request.


<u>REQUEST NO. 12</u>:

Produce all documents that refer or relate to any judgment involving the Defendant, including documents that refer or relate to the Defendant as either judgment creditor or judgment debtor.

**RESPONSE:** The only judgment responsive to this request is the judgment in this case, which is a publicly available document.


<u>REQUEST NO. 13</u>:

Produce copies of your federal and state income tax returns for the last ten years and the documents that support the information contained in those tax returns.

**RESPONSE:** Mr. Curran has produced documents responsive to this request in pretrial discovery and will supplement this request for tax years that were not available at the time pretrial discovery closed, but have since been filed.

<u>REQUEST NO. 14</u>:

Produce all documents related to any intellectual property held by Defendant or that was held by Defendant at any time in the last ten years.

**RESPONSE:** Mr. Curran has no documents responsive to this Request.

<u>REQUEST NO. 15</u>:

Produce all financial statements, balance sheets, income statements, cash flow statements, whether audited or unaudited, for the Defendant from January 1, 2020 to the present.

**RESPONSE:** Mr. Curran has no documents responsive to this Request.

REQUEST NO. 16:

Produce all documents relating to the organizational structures and governance of Defendant, including articles of incorporation, bylaws, operating agreements, and partnership agreements.

**RESPONSE:** Mr. Curran is a natural person.


REQUEST NO. 17:

Produce all documents related to or referencing any safety deposit boxes, vaults, or similar depositories held by the Defendant, individually, or jointly with any other person, natural or corporate, which the Defendant now has or has had at any time since January 1, 2020.

**RESPONSE:** Mr. Curran has no documents responsive to this Request.


REQUEST NO. 18:

Produce all documents that refer or relate to any assets owned by the Defendant that are held in the safety deposit boxes, vaults or similar depositories referenced in Request No. 20.

**RESPONSE:** Mr. Curran has no documents responsive to this Request.


REQUEST NO. 19:

Produce all documents that refer or relate to any business travel that a partner, agent, shareholder, director, or officer of the Defendant has taken to any of the countries outside of the United States.

**RESPONSE:** Mr. Curran is a natural person.


REQUEST NO. 20:

Produce copies of all financial statements or loan applications of the Defendant that were submitted to any bank, mortgage company or other lending institution.

**RESPONSE:** Object to the unlimited duration of this Request. Mr. Curran will supplement this Response and produce any documents responsive to this Request for the time period January 1, 2020.

<u>REQUEST NO. 21:</u>

Produce all documents that refer or relate to trusts you have established (including all documents showing contributions you have made to the trust) and all trusts for which you are a beneficiary or grantor (including all documents showing any distributions you have received or made since January 1, 2020).

**RESPONSE:** Mr. Curran has not established any trusts.

<u>REQUEST NO. 22:</u>

Produce the QuickBooks, Quicken, or any similar accounting software related to Defendant's finances.

**RESPONSE:** Mr. Curran is a natural person and does not use accounting software related to his personal finances.

<u>REQUEST NO. 23:</u>

Produce all records since January 1, 2020 of any deposits or withdrawals in excess of $5,000 for each bank account on which Defendant is an owner, signatory, or to which Defendant has access.

**RESPONSE:** Mr. Curran has previously provided documents responsive to this request in pretrial discovery and will supplement with additional documents subsequent to the close of pretrial discovery responsive to this request.

<u>REQUEST NO. 24:</u>

Produce all records since January 1, 2020 of any contracts between the Defendant and any client or customer.

**RESPONSE:** Mr. Curran has no contracts between himself any client or customer.

<u>REQUEST NO. 25:</u>

Produce all records pertaining to persons employed by the Defendant at any time since January 1, 2020, including, without limitation, the names and addresses of each employee, the amount paid to each employee, the date of each payment and the nature of the services performed by each employee.

**RESPONSE:** Mr. Curran has never employed anyone personally since January 1, 2020.

FALLS LAW FIRM, PLLC

By: */s/ Nathan A. White*
       Nathan A. White
       NC State Bar No. 48684
       1712 Euclid Avenue
       Charlotte, North Carolina 28203
       Tel: (704) 256-8282
       Fax: (704) 519-2522
       Email: nwhite@fallslawfirm.com
       *Counsel for Defendants-Appellants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 21, 2024 the foregoing TROY

CURRAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF POST JUDGMENT REQUEST

FOR PRODUCTION was served by email to:

L. Michelle Gessner
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Telephone: (704) 234-7442
Fax: (980) 206-0286
E-Mail: michelle@mgessnerlaw.com
*Plaintiffs' Class Counsel*

FALLS LAW FIRM, PLLC

BY:      */s/ Nathan A. White*
Nathan A. White
NC State Bar No. 48684
1712 Euclid Avenue
Charlotte, North Carolina 28203
Tel: (704) 256-8282
Fax: (704) 519-2522
Email: nwhite@fallslawfirm.com
*Counsel for Defendants-Appellants*

9