IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
C/A NO. 1:20-CV-00033-MOC

| | |
|---|---|
| SHAILESH JAHAGIRDAR, et. at,<br><br>Plaintiffs,<br><br>v.<br><br>THE COMPUTER HAUS, INC., et al.,<br><br>Defendants. | **DEFENDANTS' REPLY<br>TO PLAINTIFFS' OPPOSITION TO<br>MOTION RECONSIDER AND MOTION<br>FOR RULE 60 RELIEF FROM ORDER<br>ON CLASS CERTIFCATION** |

**NOW COME** Defendants The Computer Haus NC, Inc. d/b/a CityMac, Troy Curran, Ocean Tech, Inc. d/b/a CityMac, Zephyr Investments, Inc., TS Leasing, LLC, Green Vault, Inc., Curran Ranch, LLC, Northern Passage, Inc., Salish Sea, LLC, Curran Holdings, LLC, Brandy Curran, Amber Curran and Ocean Dance (collectively, the "Defendants"), by and through undersigned counsel, and hereby reply to the Plaintiffs' Opposition (Doc. 415).

Plaintiffs have a penchant for citing cases and distorting the holdings to conform to their argument. First, Plaintiffs' cases stating that a change in the law is not a basis for relief under Rule 60(b)(5) and (b)(6), such as *Castles Auto & Truck Serv., Inc. v. Exxon Corp.,* 16 F. App'x 163, 168 (4th Cir. 2001), simply do not stand for the proposition argued by Plaintiffs. *Castles* is a unique case with reconsiderations by the court due to inconsistent verdicts, among other things, and not a case where a superior court has issued binding precedent that demonstrates this court's class certification ruling was clearly erroneous. In fact, the binding precedent case (*Stafford*) reverses this court's class certification ruling <u>which relied on its now clearly erroneous class certification ruling in this case</u>. Moreover, Plaintiffs' straw man argument fails because it is misplaced; Defendants are not asking for relief from a final money judgment, but rather are seeking relief from the Court's erroneous class certification Order (Doc. No. 210), a ruling that

1

very much had a prospective application from the moment the Order was issued and is therefore subject to Rule 60(b) reconsideration.

Plaintiffs' reliance on *Hall v. Warden, Md. Penitentiary,* 364 F.2d 495, 496 (4th Cir. 1966) is equally misplaced. *Hall* was a habeas case where the Fourth Circuit retroactively applied the Supreme Court's holding in *Mapp v. Ohio*, 367 U.S. 643 (1961). The Fourt Circuit's mandate issued years before the Supreme Court held in *Linkletter v. Walker*, 381 U.S. 618 (1965) that *Mapp* should not be applied retroactively. The Fourth Circuit admitted its habeas ruling was erroneous in light of *Linkletter*, but was not erroneous at the time it was issued. As a criminal case, the procedural posture could not be more different than this case. More troubling, the quoted language in Plaintiffs' brief at page 10, first paragraph purporting to quote *Hall*, 364 F.2d at 496, simply does not exist in *Hall* and there is certainly no specific reference to Rule 60(b)(6). Plaintiffs fabricated this quote.

Finally, Plaintiffs' mischaracterize the Fourth Circuit's quote in *Aikens, supra* , 652 F.3d 496 (4th Cir. 2011), at 501 where the Court stated it has denied a Rule 60(b)(6) motion "merely as an inappropriate substitute for an appeal." The Court in *Aikens* and in the case it cites to, *Dowell v. State Farm Fire & Cas. Auto. Ins. Co* ., 993 F.2d 46, 48 (4th Cir. 1993), stand for the proposition that a Rule 60(b)(6) motion is inappropriate when the issued could have been appealed ***but was not appealed***. Such is not the case here; this case is still pending appeal and therefore this case is still ripe for reconsideration at the district court level.

It cannot be overstated the extraordinary circumstances present here. A superior court reversed a district court class certification ruling that directly relied on the class certification ruling in this case. Because the former case was taken up via interlocutory appeal, we find ourselves in the unique posture where the newer case – relying on the older case – was

2

Case 1:20-cv-00033-MOC-WCM    Document 416    Filed 09/24/25    Page 2 of 4

overturned first. The purpose of this motion is to conserve judicial resources and avoid litigating on appeal issues that can be properly addressed through post-trial motions.

A final word on the "timeliness" of this motion. Defendants concede this motion could have been filed in much closer temporal proximity to the Fourth Circuit's ruling in *Stafford et al v. Bojangles' Restaurants, Inc.*, 2024 WL 5131108 (4th Cir. Dec. 17, 2024). To be quite candid with this Court, the Defendants wrestled with the decision for some time given the Court's apparent hostility to the Defendants throughout the proceedings of this case and were concerned that this would be an exercise in futility. However, after thoroughly considering all options, the Defendants concluded it would be appropriate to give this Court an opportunity to reconsider its class certification ruling before taking the matter up for consideration on appeal.

What is most important, however, is that the passage of time between *Stafford* and the filing of this motion did not cause any prejudice whatsoever to the Plaintiffs. There are numerous motions that have been filed that are also still pending before this Court and it appears that whether this motion was filed any sooner would have been of no consequence given the significant delay in the processing of both parties' post-trial motions by this Court. Defendants join with Plaintiffs respectfully requesting this Court take up all pending post-trial motions as soon as possible.

**WHEREFORE**, Defendants respectfully request the Court grant Defendants' motion for reconsideration of the Court's class certification Order (Doc. No. 210) and respectfully request this Court grant further appropriate relief.. **Defendants respectfully request to be heard at a hearing on this Motion**.

Respectfully submitted this the 24th day of September, 2025.

/s/ *Nathan A. White*
Nathan A. White
NC State Bar No. 48684
LAW OFFICES OF NATHAN A. WHITE PLLC
P.O. Box 669612
Charlotte, NC 28266
Tel: (704) 492-6574
lawofficesofnathanawhite@gmail.com

*Counsel for Employer Defendants and Non-Employer Defendants*